# Wilson *vs* Hunt's Administrator.

CHANCERY.

6m379
98  151
6bm379
114  218

*Case* 77.

6bm379
f136  588

ERROR TO THE SHELBY CIRCUIT.

*Administrators. Distribution. Pleading. Practice. Set-off.*

JUDGE MARSHALL delivered the opinion of the Court.                    *April* 17.

THIS action was brought upon the administrator's bond, executed by Wilson and others, for securing the performance of Wilson's duties as administrator of John Hunt, deceased. The declaration claims the distributive interest of A. Hunt, alledged to be one thirteenth of one sixth part of the distributable estate of John Hunt, deceased, who is averred to have died without father, mother, or children, and of whom the plaintiff's intestate is shown to have been nephew, by the averment that he was the son of Henry Hunt, a brother of said John, and who died before said John.

The defendant filed a demurrer to the declaration, which was overruled, and also filed, at the same time, seven pleas, on five of which issues of fact were made up. Demurrers were sustained to the other two, and two others, (A & B,) were offered at a subsequent term, but rejected by the Court; to this rejection no exception was taken, but another plea, (No. 9,) was afterwards filed, and adjudged bad on demurrer. A verdict was found for the plaintiff upon the issues of fact; and the defendant, having taken no bill of exceptions, seeks to reverse the judgment on the ground of alledged error in disposing of the several demurrers, and in rejecting the two pleas, A and B.

A preliminary question is, whether after a trial of the issues of fact, and a verdict against the defendant, he is entitled in this Court, to the full benefit of his demurrer to the declaration, as if no issue had been tried. On this question we are clearly of opinion that the declaration is entitled to all the aid which, upon fair consideration of the issues tried, the verdict is calculated to give

*The case stated.*

*When a demurrer to a declaration and pleas are filed together, overruled, and issues made and the pleas and found for plaintiff, if the issues made*

WILSON
vs
HUNT'S ADM'R:
involve the fact
omitted or defec-
tively stated, in
the declaration,
the error of the
Court in over-
ruling the de-
murrer, will be
cured by the ver-
dict.

to it; and that although the filing of pleas with a demur-
rer, is allowed in practice, and is not regarded as a waiver
of the demurrer, and although, it being proper first to take
up the demurrer in the Circuit Court, the declaration
should then be adjudged bad, if by the omission or de-
fective statement of a material fact, it fails to show a
cause of action, still if the Court should err upon that
point, and if the fact omitted or defectively stated, be so
presented in the issue which is afterwards tried, as that
the verdict must be regarded as establishing the very fact
thus omitted or defectively stated, the defect in the de-
claration is cured by the verdict, and the judgment for the
plaintiff should be affirmed, unless there be some other
error besides the incorrect decision upon the demurrer.
When the verdict can be fairly considered as establish-
ing between the parties, the very fact which should have
been, but is not precisely averred in the declaration, and
especially when it clearly appears that that fact was un-
derstood by the parties to be the point in issue to be de-
cided by the jury, it would be unnecessary for the ends
of justice, and would be worse than useless to send the
case back from this Court, in order that the declaration
should be amended by introducing that fact, and that it
should again be presented for the decision of a jury.

The rule thus indicated is substantially the same as
that by which the sufficiency of the declaration is tested
on a motion in arrest of judgment, though not laid down
so broadly as is sometimes done in reference to that mo-
tion.   The declaration, as has been seen, avers positive-
ly the right of the plaintiff's intestate to one thirteenth
of a sixth of John Hunt's estate, as his nephew.   It
shows also, how he is nephew, and avers that John Hunt
died without father, mother, or children.   But a nephew
is not entitled as distributee or next of kin, if the intes-
tate died leaving any descendants of his children.   And
the only material defect in the declaration is in failing to
state that there were no such descendants.   But this fact,
though not explicitly stated, as it should have been, is in-
volved or implied in the general statement of the plain-
tiff's right as nephew.   Upon any issue which required
proof of that right, this fact must have been proved to

entitle the plaintiff to a verdict, and it cannot be presumed that such a verdict would have been found without proof of the fact. In such a case, therefore, and upon the ground thus indicated, the verdict should supply the want of explicit statement in the declaration. Looking then to the issues tried, we find that the first plea expressly denies that A. Hunt was one of the distributees of John Hunt, deceased, and this is the only matter put in issue under that plea. A verdict for the plaintiff on that issue, necessarily implies and establishes the fact, that at the death of John Hunt, the facts existed which alone could make his nephew a distributee. It proves that John Hunt died without descendents; and in favor of the verdict, and to support it, this fact implied in the general statement of the declaration, but not sufficiently alledged if the declaration stood alone, is regarded after verdict, as being sufficiently alledged.

We have given this practical and minute illustration, in order that the rule which we think should be applied in testing the sufficiency of the declaration, when a demurrer has been overruled and issues have been found for the plaintiff on pleas filed with the demurrer, may be fully comprehended. We add, with regard to the objection that the declaration does not show how the plaintiff's share came to be exactly one thirteenth of one sixth, that if this omission were fatal on demurrer, it would, on the principles already stated, be cured by the verdict, not only because there is a general statement in the declaration which would be more liberally interpreted after verdict than upon demurrer, but also because, as the second plea on which issue was taken, denies expressly, that A. Hunt was entitled to distribution of one thirteenth of one sixth, and presents no other point, the facts establishing this proportion must have been proved to the jury.

The objection that the declaration mentions the renting of land by the administrator, as one of the means by which assetts came to his hands, is not, in our opinion, available in any form. This reference to rents is but incidental and introductory. The declaration shows that the administrator had settled with the County Court, and that a large balance remained in his hands according to

WILSON
*vs*
HUNT'S ADM'R.

When issues are formed involving a fact necessary to sustain the claim of plaintiff, and the issue is found for him, and the evidence not certified, the Court will presume it was proved, and sustain the verdict.

It is no valid objection to a declaration filed by a distributee for his share of personal estate, that he avers that part of the fund of which he asks a share, was for rents of the realty.

WILSON
vs
HUNT'S ADM'R.

that settlement, and only claims A. Hunt's share of that balance. There is, in fact, no impeachment of the settlement, nor any allegation that the defendant had not made a true account of charges against himself; and even if it should be implied that the rents referred to had been included in the settlement, and had thus gone to make up the balance; and if in strictness, they should not have been so included, still the settlement itself, until corrected by some direct proceeding, formed a sufficient basis for the demand made in this suit, which is in effect against the administrator alone, and it could not be impeached collaterally in this action, either by demurrer or special plea. Besides, even if the balance shown by the settlement could be reduced in this action, by a deduction of all charges appearing to be improper, the declaration would still be sufficient upon demurrer, unless it showed upon its face, that upon applying this process of reduction, the balance would be annihilated.

A plea by an administrator sued for distribution, after a settlement with the County Court. averring that illegal charges were made against him in that account, is not good on demurrer; and pleas offered and rejected by the Court when it had the discretion to receive or reject them, will be presumed to have been properly rejected. If the opinion of the Court in rejecting them was not excepted to, the correctness of their rejection is not before this Court.

These observations made in reference to the declaration, apply also to the pleas seven and eight, which were held insufficient on demurrer, as each of those pleas contains only an averment that certain illegal charges, the amount of which is not stated, were made against the administrator in the settlement. The same objection applies to the plea A. But as pleas A and B were offered in lieu of pleas seven and eight, and at a term subsequent to that at which demurrers to these pleas had been sustained, and when it was within the discretion of the Court to reject them or to allow them to be filed; and as no bill of exceptions was taken to the rejection, whereby the pleas A and B would be properly placed on the record; and as, moreover, the defendant, after their rejection, offered and was allowed to file plea No. 9, we are of opinion that the question as to the sufficiency of pleas A and B, does not come properly before us; and we are not sure that the pleas seven and eight should not be considered as waived by the subsequent proceedings which terminated in the filing of plea No. 9.

The plea No. 9, sets up, by way of set-off, three demands in assumpsit. The two first on promises to John Hunt in his life time, and to the defendant as his admin-

istrator, since made, in consideration of A. Hunt's indebtedness to said J. Hunt, in his life time, and to his administrator since, for land rented to him, and for money loaned to him by the decedent, J. Hunt. The third demand is founded on a promise to the defendant alone, as administrator, in consideration of an indebtedness to him in that character, for the price of a watch sold and delivered by him to said A. Hunt. To this plea, which was adjudged to be insufficient, two objections are made; 1st. Assuming that the same rules apply to a plea of set-off as to a declaration, it is said that in this plea there is a misjoinder of demands, belonging to the defendant in different characters. And 2d. That the plea is defective in not showing that these demands were included in the settlement, as charges against the administrator.

Upon the first of these objections, if it be conceded that the rule with regard to misjoinder applies to a plea of set off, just as if it were a declaration, we are not satisfied that the result contended for should follow. The third demand is, as we understand the plea, for goods of the intestate, sold by the defendant as his administrator. And although he might declare for the price in his own right, we are not prepared to admit that he might not, at his option, declare for it in his representative character. It is expressly laid down by *Chitty, vol.* 1, *page* 233, that an executor may declare as such, for goods sold or money paid by him in that character, and may join such count with counts on promises to the testator or intestate; and he refers to 3 *East*, 104, and 6 *East*, 405, as authority for this rule. We do not, therefore, admit the validity of this objection. Nor do we think the second is well founded; for if it be conceded that the demands stated in the plea could not properly be set-off against the plaintiffs interest as distributee, unless they had been included in the settlement as charges against the administrator, still as such demands, if just and available to the administrator, could not have been omitted from the settlement without great fault on his part, and as the settlement is, in fact, relied on by the plaintiff as the basis of his demand, it must in this collateral proceeding, be presumed against all parties, to have been correctly made.

An executor, as such, may declare for goods sold, or money paid by him in that character, and may join such counts in promises to the testator; so may he plead such demands as a set-ff to an action against him.

The presumption must be indulged that these demands, (which on the demurrer are regarded as just and subsisting,) were included in the settlement, and it, therefore, devolved on the plaintiff in his replication, either to dispute the demands themselves, or to alledge the fact of their having been omitted from the settlement, if that fact would deprive the defendant of the right of relying on them by way of set-off; which point we do not determine, because it has not yet been presented by any pleading in the case.

We are of opinion, therefore, that the Court erred in sustaining the demurrer to the plea No. 9, and for this error the judgment is reversed and the cause remanded, with directions to overrule said demurrer, and for further proceedings.

*Cates & Lindsey* for plaintiff; *McHenry* for defendant.