WILLIAM BOWLING v. BENJAMIN F. SHEPHERD.

### Ejectment—Evidence of Title.

Possession is evidence of title. It may be explained away by evidence, but in the absence of all other evidence the fact of a plaintiff in ejectment having been once possessed of the land will be sufficient, prima facie, to authorize a recovery against an intruder on that possession.

### Proof of Former Possession.

Where proof of former possession in an ejectment suit establishes a prima facie right of recovery it follows that plaintiff must recover unless the defendant can show a better title in himself or outstanding in another.

### Color of Title.

One having color of title cannot be ejected by a plaintiff who is himself without title, but who relies solely upon his former possession.

APPEAL FROM CARTER CIRCUIT COURT.

February 14, 1877.

OPINION BY JUDGE COFER:

The fi. fa. in favor of Chenoworth & Co. was levied subject to the mortgage to Seymour & Clarke, and the purchaser, therefore, only obtained a lien for his bid and two per cent. interest thereon; and the appellee cannot convert that lien into an estate in fee by showing that the mortgage did not cover the property, or that the railroad company had power to dispose of the lots notwithstanding the mortgage. The extent of his interest must be measured by the terms of the purchase, and cannot be enlarged by matters not appearing in the levy, and which directly contradict it. The appellee therefore failed to show a valid title, and such seems to have been the opinion of the circuit judge, as indicated by the only instruction given to the jury. In that instruction the right of recovery was made to depend alone upon the former possession of the appellee, which would not have been proper except upon the assumption that he had failed to show a valid paper title.

In *Campbell v. Roberts,* 3 A. K. Marsh. 623, this court said: "Possession is always evidence of title. It may be explained away by extraneous evidence, but in the absence of all other evidence the fact of a plaintiff in ejectment having been once possessed of the land will be sufficient, prima facie, to authorize a recovery against an intruder on that possession."

In *Riley v. Million,* 4 J. J. Marsh.395, that doctrine was approved; and in *Fowke v. Darnall,* 5 Litt. 316, the court said: "We have no doubt that there are cases where a plaintiff in ejectment may recover on a bare possession only, such as where there has been an actual disseizin or ouster of the tenant, and even where there has not been such ouster, and the defendant appears to be a trespasser without color of title."

The court therefore properly overruled the appellant's motion for a non-suit made at the conclusion of the appellee's evidence. If proof of former possession of the locus in quo establishes a prima facie right of recovery in the plaintiff, then it would seem logically to follow that he must recover, unless the defendant can show a better title either in himself or outstanding in another. And even if he should show a better outstanding title, he must in some way connect himself with it or it will be unavailing if he came into the possession wrongfully. *Fowke v. Darnall,* 5 Litt, 316. The appellant cannot therefore defeat the action by showing that the title is in the railroad company, and that the appellee has only a lien, unless he has in some way connected himself with the railroad company's title, so as to show in himself at least color of title, that is, a title valid until an older title is shown.

It remains then to decide whether the appellant had color of title. He does not claim to have any except such as he derived from the railroad company, and if he acquired none from that source, then he was a mere intruder without color of title, and the uncontradicted evidence of the appellee's prior possession will, according to the authorities we have cited, sustain the action, unless the rule on this subject has been changed by the abolition of the fictitious action of ejectment.

The partial transcript of the record of the case of *Bondurant v. Railroad Co.* gives no description of the lots adjudged to be sold. The only reference made in the pleadings to real estate, except some parcels in Montgomery county, is contained in the amended petition filed July 20, 1858, and in the judgment rendered on the next day. The only reference to the lands and lots of which these in contest in this case are claimed to be a part is in these words: "The plaintiff herewith files deeds made to said company describing various lands and lots and their locations, belonging to said road, which deeds are severally designated by their number from one to nine and made part thereof," followed by a prayer that they be sold. The judgment is "that the lands, lots and houses described in the nine

deeds filed herein be first sold," etc. The deeds are not exhibited, and it is impossible to learn from that record that the lots here in contest were embraced in them, or that they were ordered to be sold. It seems to us that upon such a state of the record the sale by the court was void, and that the appellant has no color of title, and consequently that he is a worse trespasser and will not be allowed to protect himself by showing title in the company, as he attempted to do by reading the mortgage to Seymour & Clarke.

One who has color of title could not be ejected by a plaintiff who was himself without title, and was compelled to rely solely upon his former possession. That would be, under our present system, in which a judgment for the recovery of land will bar a subsequent action by the defendant to regain possession, to allow the plaintiff's former possession to bar the defendant's title. But when the defendant has no color of title there is no reason why he should not be barred by a judgment resting upon merely prima facie evidence of title in the plaintiff.

We are therefore of the opinion that the judgment should be *affirmed*.

*Wm. Bowling, E. F. Dulin, for appellant.*

*J. R. Botts, for appellee.*