To THE PETITION OE APPELLANTS’ COUNSEL EOR A REHEARING
JUDGE HINES
DELIVERED THE HOLLOWING RESPONSE OH THE COURT:
It is insisted that the court should grant a rehearing in this case:
First, because the petition does not specifically allege that appellees are entitled to the possession of the land sought to be recovered.
The allegation is that appellees “ are the owners of the land,” followed by the prayer “ that the defendant may be adjudged to surrender up the land to them.” The answer denies title in appellees, and claims title in appellant Walker, acquired by purchase from Haynes, who was Hill’s vendee. There is no claim by Walker to any right to possession, except such as follows as incidental to the fee. It is not assigned as error that the court below adjudged a delivery of possession in addition to holding that the title is in appellees, nor was the question made by counsel on the original hearing. It is now too *337 late to make it in this court. On the issue presented by the pleadings, and from the proof, it appears that the decree for possession followed as an incident to the title, which was adjudged to be in appellees. There may be a right to possession where there is no title, but a failure to allege in the petition a right to possession is cured by the answer and judgment, when there is no other claim than title set up by defendant. (Wilson v. Hunt’s adm’r, 6 B. Mon. 380; 1 Chitty on Pleadings, 673; Louisville & Portland Canal Company v. Murphy, 9 Bush, 530.)
Secondly, it is claimed that appellees do not show title in themselves, and therefore have no right to recover.
The answer of Walker does not pretend to assert any title except such as was acquired by his purchase from Haynes, who purchased from Hill. Hill’s deposition shows conclusively that he had no, title except such as he may have acquired under the decretal sale in the case of Grigsby v. Barr et al. He says that before he entered upon and took possession of the land it was agreed between Haynes and himself that in case Haynes became agent for the land he would sell it to him, and that he took possession under this agreement, but that subsequently he purchased it under the decree in the case of Grigsby v. Barr et al. He does not claim to have entered, asserting title in himself, but expressly recognizing title in appellees; nor does he pretend to have acquired any other title than such as was obtained by the decretal sn\e. Such are the facts as they appear from the deposition, and there is nothing in the evidence substantially in conflict therewith. It will be observed that Walker, in person, cross-examined this witness and did- not question him as to the source of his title, notwithstanding the allegations of the petition setting up the fact that Hill had no other title to the land than such, if any, as was acquired by the purchase mentioned. The petition appears to proceed upon the idea *338 that this court had held that the conduct of Walker, in connection with the case of Grigsby v. Barr et al., operated to estop him from denying the title of appellees. Reference to the opinion will show that it was not intended that such an inference should be drawn, but the fact was mentioned as a circumstance tending to show title in appellees. But whether that fact be considered by the court or not, is immaterial. The evidence of title is complete to sustain the judgment of the court below, and in fact is conclusive, at least so far as Walker is concerned. He does not occupy the attitude of one having possession and claiming under color of title derived through a person not in privity of title with the party seeking to recover. In such a case the plaintiff must recover on. his own title. But when one has been in possession, claiming title and exercising acts of ownership, he may recover on proof of those facts and of a wrongful entry by the defendant who exhibits no title. Walker occupies an attitude no more favorable than would Hill, through whom he claims. (Sowder v. McMillan, 4 Dana, 463.) Whatever evidence of title would authorize a recovery against Hill will be sufficient for recovery against one claiming through him. A void judicial or execution sale confers no right to the thing sold, and one holding under such sale is a trespasser. (Addison v. Crow, 5 Dana, 281.)
The record exhibits a conveyance from the commissioner of the Meade Circuit Court to appellees, the deed from the commissioner to Hill, and from Hill to Haynes, and bond for title from Haynes to Walker.
Even where there is no evidence of title whatever, a presumption of title will be entertained in favor of the first possessor. (Fowke v. Darnall, 5 Litt. 317; Bodley v. McChord, 4 J. J. Mar. 477; Major v. Deer, 4 J. J. Mar. 589.)
Thirdly, it is contended that the court has full jurisdiction, without levy of attachment, to subject the land by equi *339 table proceedings under tbe act of 1827 (Stat. Laws, vol. 1, p. 98, and the amendments thereto,) which, it is contended, was expressly continued in force by section 4 of the Civil Code of 1854. That section reads:
“ The plaintiff may prosecute his action by equitable proceedings in all cases where courts of chancery, before the adoption of this Code, had jurisdiction; and must so proceed in all cases where such jurisdiction was exclusive.”
We are of the opinion that this provision was intended only to preserve the distinction between proceedings at law and in equity, and not to grant jurisdiction. Where the right to relief is given by the law, this section designates- the tribunal in which that relief shall be sought, and determines whether the proceedings shall be in equity or may be at law.
Section 875 of the same Code provides, “All statutes and laws heretofore in force in this state, in any case provided for by this Code, or inconsistent with its provisions, are hereby repealed and abrogated,” etc.
As we have stated in the opinion, the Code having provided a method for subjecting the property of a non-resident to the payment of his debts due upon contract, all laws previously enacted, and providing any other manner of. proceeding, are repealed by the section of the Code last quoted.
Chapter 1, title 10 of the Code does not by implication recognize the act of 1827 as being in force. The provisions of that chapter may well apply in a proceeding to foreclose a mortgage or to enforce a lien, they being in the nature of proceedings in rem.
In every instance where the Code provides a method of procedure it is to be taken as exclusive of all others. It was the intention to present a complete system of practice, and whatever its defects, they can be remedied only by- the legislative department. (Broaddus v. Broaddus, 10 Bush; 308.)
Petition overruled.
Judge Cofee not sitting in this case.