May Term,
1858.

Wasson
v.
Beauchamp.

Friday,
May 28.

WASSON *v.* BEAUCHAMP.[*]

APPEAL from the *Vigo* Court of Common Pleas.

*Per Curiam.*—*Beauchamp* filed in the recorder's office of *Vigo* county a written notice, pursuant to the statute, of his intention to hold a lien upon a house, &c., erected by him, as a mechanic, for *Wasson*, on lot No. 41, &c.

Subsequently he filed his complaint to enforce the lien, and with it, filed a written copy of the above-mentioned notice. By mistake the lot was named 12, instead of 41, in the complaint; and the same clerical error was repeated in the decree.

At a subsequent term, an application, on notice to the opposite party, was made to the Court to correct the error, so that the decree should apply to lot No. 41. The Court made the correction, which is the order appealed from and complained of.

We think the written notice of intention, being filed with the complaint, becoming thereby, in effect, a part of it, furnished a subject-matter to amend by, independent of the parol evidence which was given showing the mistake. We think there was no valid objection shown to the amendment. The notice of intention to hold a lien, like a mortgage, was the foundation of the suit. 2 R. S. p. 182, §§ 650, 651. See *McDonald et al.* v. *Watkins,* 4 Ark. R. 624.

But there is another ground on which a part of the Court prefer to rest the case. It is this: The application to correct the mistake contains all the essential averments necessary to an original complaint. Process was issued and served upon it. The defendant appeared and answered to the whole merits. A trial upon evidence was had, and a decree thereupon rendered that the lien existed upon lot 41, and that execution, &c., should be had accordingly.

It seems to be a good decree for the sale of lot 41, regarding the last as an original proceeding to enforce a lien upon that lot.

---

[*] The petition for a rehearing in this case was filed on the 1st of *July,* and overruled on the 13th of *October.*

The judgment is affirmed with costs.

*J. P. Usher* and *T. M. Nelson*, for the appellant (1).