No. 1173.

## DAVIS AND RANKIN BUILDING AND MANUFACTURING COMPANY *v.* HILLSBORO CREAMERY COMPANY.

CORPORATION.—*Antecedent Contract Made by Promoters.—When Corporation Liable.*—A corporation, after its organization, may adopt a contract made prior thereto by promoters in its interest and make the contract the obligation of the corporation. But if the contract is not primarily for the benefit of the proposed corporation and the latter does not adopt or promise to perform it, the corporation is not liable thereunder, although there be an acceptance of benefits by it.

SAME.—*Facts Stated.—Non-Liability of Corporation.*—Where A enters into a contract with Z and others to build and equip a factory for them for $5,000 within ninety days after said amount is subscribed by Z and the others, and the subscribers agree to pay said sum upon the completion of the factory and to incorporate as soon as the full sum is subscribed, shares to be issued to the subscribers in proportion to their paid-up interest, and each stockholder to be liable only for the amount subscribed by him, and where, shortly after the contract is executed, the corporation is formed, a committee appointed by it to select the site for the factory and to accept it when completed, all of which is done, and the corporation continues thereafter to own and operate the factory, the corporation is not liable to A under the contract.

From the Fountain Circuit Court.

*S. D. Puett, J. M. Johns, A. M. Adams, C. M. McCabe* and *J. Bingham,* for appellant.

*L. Nebeker* and *D. W. Simms,* for appellee.

LOTZ, J.—It is averred in the complaint, that David P. Heffner and forty-eight other persons were the promoters of a corporation for the manufacture of cheese and butter; that on the 11th day of August, 1891, Davis and Rankin (a co-partnership) and said promoters entered into a contract in writing, in which it was agreed that Davis and Rankin, as parties of the first part, should build, complete and equip for said promoters, as parties of the second part, a "combined butter and cheese

factory," to be located near Hillsboro, Fountain county, Indiana. Said written agreement contains the following stipulations: "Said Davis & Rankin agree to erect said butter and cheese factory as set forth in the above specifications for five thousand dollars, payable when factory is completed. One-half cash, balance one-half ninety days good notes six per cent. interest. We, the subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed. Said building to be completed within ninety days, or thereabout, after the above amount of $5,000 is subscribed. Any portion of the amount subscribed not paid according to contract shall bear legal rate of interest. As soon as the above amount of $5,000 is subscribed, or in a reasonable time thereafter, the subscribers agree to incorporate under the laws of the State as therein provided, fixing the aggregate amount of stock not less than $5,000, to be divided into shares of $100 each. Said share or shares, as above stated, to be issued to the subscribers hereto in proportion to their paid up interests herein, and it is herein agreed, that each stockholder shall be liable only for the amount subscribed by him."

A copy of this agreement is made an exhibit to the complaint, from which it appears that the promoters each signed the article separately with number of shares and amount of stock subscribed by him set opposite his name.

It is further averred that afterwards, on the 17th day of August, 1891, said promoters duly and legally organized a corporation known as the Hillsboro Creamery Company; that thereupon said corporation immediately ratified and approved the action of said promoters in making said contract in behalf of said corporation, by selecting an executive committee to act for, and on behalf of, said corporation, giving it full power to select the

site of said factory, to examine and inspect said factory when completed; that said committee did select the site of said factory, and that said Davis & Rankin did erect, construct and equip said factory on the site selected by said committee, and that when said factory was completed said committee, on behalf of said corporation, did accept the same from said Davis & Rankin, and that said corporation has ever since owned and operated said factory; that said Davis & Rankin fully complied with all the conditions of said contract resting upon them; that said contract was subsequently assigned to the plaintiff, and that there is a balance due on said contract in the sum of six hundred dollars.

This action was brought against the Hillsboro Creamery Co., and the subscribers to said contract. The Hillsboro Creamery Co. demurred separately for want of facts. This demurrer was sustained, and the plaintiff, electing to stand by its complaint, final judgment was rendered in favor of said defendant. This ruling is assigned as error in this court.

The appellant contends that the contract declared on was made for the contemplated corporation, that the subsequent recognition of it by the corporation after it came into existence, and accepting the benefits thereunder, makes it the contract of the corporation.

It seems to be settled that the promoters of a corporation may make a contract in the interest of the contemplated corporation, and when the corporation shall become fully organized it may recognize and adopt the contract, and make it the contract of the corporation. *Whitney* v. *Wyman*, 101 U. S. 392; *Stanton* v. *New York, etc., R. W. Co.*, 59 Conn. 272.

But if the contract declared on was not made primarily for the benefit of the corporation, and if the corporation never adopted it or promised to perform it, these rules

will not apply to this case.   Nor will the simple accept-
ance of the benefits make the corporation liable under
the contract.

The contract is ambiguous and uncertain, and is sus-
ceptible of being construed in more ways than one.   In
construing a contract, the primary object is to ascertain
the intention and purpose of the contracting parties at
the moment their minds met upon the same terms.   To
reach this end the court should place itself as nearly in
the position of the contracting parties as possible.   The
subject-matter of the agreement, the knowledge which
the parties possessed, the objects to be accomplished, and
the motives which the parties had in dealing with each
other, should be considered, as well as all the parts of the
contract.   *Guaranty, etc., Ass'n* v. *Rutan,* 6 Ind. App.
83 (87).

The evident purpose of Davis & Rankin in entering
into the contract was to obtain the five thousand dollars;
while the primary purpose of the other contracting parties
was to secure a factory for the manufacture of butter and
cheese; the manner in which the business should be
conducted was of only secondary consideration, and a
matter in which Davis & Rankin had no interest and
could have no concern.   The word "subscribers," used
in the contract, is not to be taken in its broadest sense.
Davis & Rankin subscribed or signed the contract, but
it was not the purpose to include them as among the
subscribers.

The word is used in its technical sense to designate
those who subscribe or promise, in writing, to take and
pay for shares of the capital stock of a corporation.
When the contract is considered as a whole, we think
the intention of the parties was that no liability should
attach to either Davis & Rankin or to the subscribers,
until the whole amount of the capital stock should be

subscribed; for it is stipulated that the building should be completed in ninety days, or thereabout, after the above amount of $5,000 is subscribed, and each promoter signed the contract separately, and designated the number of shares and the amount of the capital stock he would take after the incorporation.

The appellant insists that Davis & Rankin were interested in the stipulation for the incorporation, but we do not think so. This was an agreement among the promoters themselves. If, after the full amount of the stock had been subscribed, Davis & Rankin had completed the factory, the subscribers would have been liable to pay for it, whether the subscribers ever completed the incorporation or not. Again, we think it was the intention of the parties that each subscriber should be liable to Davis & Rankin only to the extent of the stock subscribed by him. It is expressly provided "that each stockholder shall be liable only for the amount subscribed by him."

The limitation upon the liability here spoken of, evidently relates to the liability on the contract, and not to liability on account of the stock subscription. The law fixed their liability as stockholders, and they could not change the law by agreement among themselves. The court will not infer that the parties, in making a contract, intended to set aside the law, but will give it such construction as to make it consistent with the law, if possible. With this limitation upon their liability, the contract is the several contract of each promoter, and not the joint contract of all.

A contract almost identical in terms with the one in suit came before the Federal Court for the district of Indiana, and was construed to be the several contract of the subscribers, and not their joint contract. *Davis & Rankin, etc., Co.* v. *Barber*, 51 Fed. Rep. 148.

The stock represents the property of the corporation. If the contract in suit should be construed as the contract of the corporation, it would result in indirectly compelling the stockholders to pay more than the amount subscribed by them, and would, in its effect, make the contract joint instead of several.

Nor do we think the act of the corporation in appointing an executive committee, which selected the site and accepted the factory when completed, can be construed into an adoption of the contract in such a sense as to make the corporation liable for the individual promises of the subscribers. According to the terms of the contract, somebody acting upon behalf of the subscribers was required to do these things. It does not follow that because these things were done by a committee appointed by the corporation, the contract became the contract of the corporation.

There was no error in sustaining the demurrer to the complaint.

Judgment affirmed at the costs of the appellant.

GAVIN, J., did not participate in this decision.

Ross, J., absent.

