Davis and Rankin Building and Manufacturing Co. *v.* Booth *et al.*

No. 1,074.

DAVIS AND RANKIN BUILDING AND MANUFACTURING COMPANY *v.* BOOTH ET AL.

CONTRACT.—*Several Contract.*—*Promoters of Corporation.*—*Subscribers of Stock.*—*Complaint.*—*Theory of.*—Where the promoters of a corporation make a contract whereby the contractors are to build, erect, complete, and equip for said promoters a butter factory, according to certain specifications, for a certain consideration, the promoters and subscribers agreeing to incorporate when an amount equal to the cost and equipment of the building was subscribed, it being provided that each stockholder shall be liable only for the amount of stock subscribed by him,—such contract is the several contract of each subscriber, and a complaint based thereon, which proceeds upon the theory of a joint liability, is insufficient on demurrer for want of sufficient facts.

APPELLATE COURT PRACTICE.—*Proceeding to Trial and Judgment on Insufficient Complaint After Overruling Demurrer.*—If an insufficient complaint is assailed by demurrer, for want of facts, and the demurrer is overruled, and the cause thereafter proceeds to trial, and the defendant recovers judgment, the appellate tribunal will treat all errors made subsequently to the ruling on the demurrer as wholly immaterial, and will affirm the judgment, where the complaint is defective in matter of substance so that the necessary amendment would change the theory of the complaint, but where the complaint is defective in matter of form only, the appellate tribunal may reverse the cause, at the costs of appellant, with leave to amend.

From the Cass Circuit Court.

*R. Magee* and *G. W. Funk,* for appellant.

*J. C. Nelson, Q. A. Myers, S. T. McConnell* and *A. G. Jenkins,* for appellees.

LOTZ, C. J.—The appellant was the plaintiff in the court below. In its complaint it is alleged that Davis and Rankin, a co-partnership, entered into a written and printed contract with the appellees, to build, erect, and complete for the appellees, at or near Logansport, Indiana, a butter factory for the sum of $5,200; that Davis and Rankin performed their part of the contract to the

satisfaction of the appellees who accepted said factory as completed, on the first day of June, 1891; that on the 8th day of June, 1891, Davis and Rankin assigned the contract to the appellant; that the appellees have paid the sum of $5,000 on said contract, and that there remains due and unpaid on said contract the sum of $200. A copy of the contract is made an exhibit to the complaint. The material parts of the contract, aside from the formal parts, and the specifications for the factory, are as follows:

"We, Davis and Rankin, party of the first part, hereby agree with the undersigned subscribers hereto, party of the second part, to build, erect, complete, and equip for said party of the second part, a butter factory, at or near Logansport, Ind. * * * * * *

"Said Davis and Rankin agree to erect said butter factory as set forth by the above specifications for $5,-200. * * * * * payable one-half cash when factory is completed, and one-half in three months from completion, interest at six per cent. In shares of one hundred dollars each.

"We, the subscribers hereto agree to pay the above amount for said butter ———— when completed, said building to be completed in ninety days, or thereabout, after the above amount of $5,200, is subscribed. * * *

"As soon as the above amount of $5,200 is subscribed, or in a reasonable time thereafter, the said subscribers agree to incorporate under the laws of the State as herein provided, fixing the aggregate amount of stock at not less than the amount to be divided into shares of $100 each, said share or shares as above stated to be issued to the subscribers hereto in proportion to their paid up interest herein, and it is herein agreed that each stockholder shall be liable only for the amount of stock subscribed by him. * * * * * * * *

"It is hereby understood that Davis and Rankin will not be responsible for any pledges or promises made by their agents or representative, that do not appear in the contract, and made a part thereof either in printing or writing."

This contract was signed by Davis and Rankin as parties of first part, and the appellees, as subscribers, each signed the contract under this heading:

| "NAME OF SUBSCRIBER. | NO. SHARES. | AMOUNT OF STOCK AFTER INCORPORATION." |
| --- | --- | --- |

Following each name under its appropriate heading is set out the number of shares subscribed by each and the amount of stock to be issued to each after the incorporation; the number of shares subscribed by any one person did not exceed two, and the amount of the capital stock subscribed by any one person did not exceed $200.

The appellees each demurred separately and severally to the complaint, assigning as a cause of demurrer that it did not state facts sufficient to constitute a cause of action against them or either of them. This demurrer was overruled, to which ruling the appellees each severally excepted.

The appellee Rogers answered separately, the others jointly. The appellant moved to strike out certain paragraphs of the answers, which motion being overruled, it then demurred to them, which demurrer was overruled. The appellant then replied, and the cause was submitted to a jury for trial, which at the request of the parties returned a special verdict. The appellant then, in their order, filed a motion for a *venire de novo*, a motion for a new trial, a motion for judgment in its favor, as against all of the defendants, and a motion for judgment against the defendant Rogers alone. All of which motions were overruled. The court then sustained appellees' motion for judgment in their favor on

the verdict. The appellant has assigned each of these adverse rulings as error in this court. The appellees have also assigned as a cross-error the overruling of the demurrer to the complaint.

In the natural order the cross error first requires consideration, for if the appellant has not stated a cause of action against the appellees it may be wholly immaterial whether or not the trial court committed any error in the subsequent proceedings. *Palmer* v. *Logansport, etc., Gravel Road Co.*, 108 Ind. 137; *Ice* v. *Ball*, 102 Ind. 42.

The well settled rule is that a pleading must proceed upon a single definite theory; the cause must be tried and judgment pronounced upon the theory adopted by the pleader. The complaint in this case clearly proceeds upon the theory that the contract declared upon is the joint contract of all the appellees and not the several contract of each; that the appellees are jointly, and not severally, liable. This court has recently had occasion to construe a contract identical in legal effect to the one now before us, and we then decided that such contract was the several contract of each subscriber. We still adhere to that decision, and hold that the contract in suit is several only. *Davis and Rankin, etc., Co.* v. *Hillsboro Creamery Co.*, 10 Ind. App. 42; *Davis and Rankin, etc. Co.* v. *Barber*, 51 Fed. Rep. 148; *Frost* v. *Williams*, 50 N. W. Rep. 964; *Davis* v. *Belford*, 70 Mich. 120; *Gibbons* v. *Grinsel*, 48 N. W. Rep. 255; *Price* v. *Grand Rapids, etc., R. R. Co.*, 18 Ind. 137; *Landwerlen* v. *Wheeler*, 106 Ind. 523.

We are aware that there are courts of high authority which take an opposite view of such contracts. *Davis* v. *Shafer*, 50 Fed. Rep. 764. But we think the weight of authority is the other way.

The demurrers to the complaint should have been sustained. The complaint being bad, the answers were

good enough for a bad complaint. This disposes not only of the assignments of error based on the ruling on the motion to strike out, and the demurrers to the answers, but of all the errors committed subsequently to the ruling on the demurrer to the complaint. There being no sufficient foundation for a judgment for appellant in any event, subsequent errors are immaterial.

When an insufficient complaint is assailed by demurrer, for want of facts, and the demurrer is overruled, such ruling is to the prejudice of the demurring party. If the cause thereafter proceed to trial, and the defendant have judgment from which the plaintiff appeals, the general rule is that an appellate court will treat all errors made subsequently to the ruling on demurrer as wholly immaterial, and affirm the judgment. But there are exceptions to this rule. Where the complaint is defective in a matter of form only, the appellate court may reverse the cause at the costs of the appellant, with leave to amend. A party ought not to be deprived of a substantial right through a mere inadvertence in pleading. Elliott's App. Proc., section 416. *McCole* v. *Loehr*, 79 Ind. 430; *Goodman* v. *Niblack*, 102 U. S. 556; *Town of Monticello* v. *Kennard*, 7 Ind. App. 135.

But if the complaint be defective in matter of substance; that is, if the amendment required to make it good be one that changes the character or theory of the action, then a reversal will not be ordered. The complaint before us proceeds upon the theory that there is a joint liability against all of the defendants. It can be amended only so as to proceed against the defendants upon a several contract or several liability. If the defendants, or any one of them, are severally liable they should be sued severally and not jointly. This we think would be a substantial departure from the nature and theory of the complaint. Even if we should be in error in this

position, the appellant does not ask a reversal for such purpose.

Judgment affirmed at the costs of appellant.

Filed June 6, 1894.