No. 1,598.

## DAVIS ET AL. *v.* McMILLAN ET AL.

PARTIES.—*Defendant.* —*Subscription Contract.*—*Nonliability.*—A defendant in an action based on a subscription contract is not liable where such party was not a subscriber.

PLEADING.—*Complaint.*—*Individual Liability on Subscription Contract.*— In an action on a subscription contract, the complaint does not show a cause of action against any of the defendants severally, if it fails to disclose any defendant to be in default on his subscription.

MECHANIC'S LIEN.—*Action to Foreclose.*—*Notice of Lien Should Be Made Part of Complaint.*—The notice to hold a mechanic's lien is the foundation of the action to foreclose the lien, and the original or a copy thereof should be filed with the complaint.

SAME.—*Foreclosure.*—*Complaint.*—*Record.* — *Notice.*—*Appeal.* —The fact that a copy of the notice appears in the transcript as having been given in evidence, to which reference is made by note at the end of the complaint, will not obviate the necessity of copying such notice in the transcript in connection with the complaint with which it is filed, unless it be shown that the instrument, or copy referred to, was in fact filed.

APPELLATE COURT PRACTICE.—*Insufficient Complaint.*—*Intervening Errors Harmless.*—Where, under the averments of their complaint, the appellants are not entitled to any relief, any intervening error is harmless and must be disregarded.

SAME.—*Appeal of Plaintiff.*—*Smallness of Judgment Assigned as Error.*—*Complaint Insufficient.*—If plaintiff appeal, assigning as cause for reversal the smallness of the judgment recovered, which judgment appellant could not have sustained on appeal by the appellees, by reason of the insufficiency of the complaint, neither could he, upon the same complaint, have supported a larger one, and the cause will have to be affirmed.

From the Jennings Circuit Court.

*G. F. Lawrence, O. Bundy* and *B. F. Tweedy,* for appellants.

*J. Overmyer* and *F. E. Little,* for appellees.

REINHARD, C. J.—The appellants, Davis and Rankin,

sued the appellees on an alleged contract in which said appellants had agreed with the appellees to build a butter factory of a certain description and quality and for a certain price. The contract was signed by Davis and Rankin and all the appellees, except the North Vernon Creamery Company, as subscribers, each of the latter signing under the following superscription :

| NAMES OF SUBSCRIBERS. | NO. OF SHARES. | AMOUNT OF STOCK AFTER INCORPORATION. |
| --- | --- | --- |

Opposite the name of each subscriber is set forth the number of shares subscribed by him and the amount of stock to be issued to him after incorporation. These shares were $100 each, and no subscriber took more than one share, except J. D. McMillan, who subscribed for five shares. It is averred in the complaint that Davis and Rankin completed the butter factory as required, and that the subscribers accepted the same, and paid thereon the sum of $3,400 of the contract price, leaving due the appellants the sum of $350, with interest. The complaint also declares upon a mechanic's lien and asks to have the same foreclosed. There was no demurrer to the complaint. The appellees answered in several paragraphs, and the appellants filed separate demurrers to the fourth and sixth paragraphs of the answer, each of which was overruled and an exception was saved to the ruling in each instance. The errors assigned relate to the ruling upon the demurrers to the fourth and sixth paragraphs of answer, in striking out some of the paragraphs of reply, and in overruling the appellants' motion for a new trial.

At the threshold of this case we are met by the contention of appellees' counsel that the complaint itself is fatally defective, and that the appellants' demurrer should have been carried back and sustained to the com-

plaint; which being true it is further argued that all subsequent errors were harmless.

The complaint and contract declared upon are similar to those in *Davis & Rankin B'ld'g. & Mfg. Co.* v. *Booth*, 10 Ind. App. 364; *Davis & Rankin B'ld'g. & Mfg. Co.* v. *Hillsboro Creamery Co.*, 10 Ind. App. 42; *Davis & Rankin B'ld'g. & Mfg. Co.* v. *McKinney*, 11 Ind. App. 696. In the present case one of the defendants, the North Vernon Creamery Company, is not a subscriber to the contract, and the complaint utterly fails to show any liability on its part. There is no cause of action shown against any of the appellees severally, as the complaint does not show any individual defendant to be in default on his subscription.

The complaint is bad also as a complaint to foreclose a lien, for the reason that the transcript fails to show that the notice of intention to hold a lien or a copy of such notice was filed with the complaint. At the end of the complaint in the transcript the clerk has made a note in red ink, as follows: "*See mechanic's lien set out, beginning on page 164, line 23, and ending page 167, line 24.*" The page to which the clerk refers contains a statement of the introduction in evidence of the original mechanic's lien against the creamery property, and filed in the recorder's office of Jennings county, Indiana, which mechanic's lien is in the words and figures, to-wit: Then follows the notice as introduced in evidence. The rule of pleading in such cases under our practice is that where it is averred that a copy of the instrument declared on is filed with the complaint and an instrument corresponding with the one described in the pleading is found in the transcript in its appropriate place, the complaint is sufficient in this particular; but where no copy of the instrument appears in the record as accompanying the complaint, the latter is insufficient,

although it is averred therein that such copy was filed. *Old* v. *Mohler*, 122 Ind. 594; *Conwell* v. *Clifford*, 45 Ind. 392. The fact that the instrument or copy thereof appears in the transcript as having been given in evidence will not obviate the necessity of copying such instrument in the transcript in connection with the complaint or pleading with which it is filed, unless it were shown that the instrument or copy referred to was in fact filed. If the copying of the instrument filed with the pleading were dispensed with in the transcript, the appellate tribunal would not be in a condition to determine whether the instrument filed with the pleading is the same as that given in evidence. Moreover, the note of the clerk, if it proves anything in the present case, shows that no notice or copy of notice was filed with the complaint, although it also shows that such a notice was placed in evidence. The notice to hold a mechanic's lien is the foundation of the action to foreclose, and the original or a copy thereof should be filed with the complaint. *Scott* v. *Goldinghorst*, 123 Ind. 268; *Wasson* v. *Beauchamp*, 11 Ind. 18.

The complaint failing to show a personal joint liability and being insufficient as an action to enforce a mechanic's lien, is not good for any purpose, and had a demurrer been addressed to it the court would have been in duty bound to sustain the same.

The appellants obtained a small judgment in the court below. They bring this case here on appeal, insisting that their judgment should have been for a larger amount. But under the averments of their complaint, appellants were not entitled to any relief in this action, and therefore any intervening error is harmless and must be disregarded in the consideration of and as applied to the facts disclosed by the record in this case. *Davis & Rankin B'ld'g. & Mfg. Co.* v. *Booth, supra;*

*Ice* v. *Ball*, 102 Ind. 42 ; *Palmer* v. *Logansport, etc., Gravel Road Co.*, 108 Ind. 137.   Had the appellees appealed from the judgment rendered against them and raised the question as to the sufficiency of the complaint, the judgment could not be sustained, for, as is well said by an eminent author :  " Where a complaint or declaration wholly fails to state a cause of action, the judgment should not be allowed to stand, for it is difficult, if not impossible, to conceive how a judgment can stand where there is no actionable wrong, and surely there can be none where there is no cause of action.   An unsupported judgment is a foundationless structure."   Elliott App. Proced., section 471.   If then the appellants could not, on appeal by the appellees, have sustained the small judgment which they recovered against the latter, neither could they, upon the same complaint, have supported a larger one.   Hence in no event could the rulings complained of be harmful to the appellants.

Judgment affirmed.

Filed October 31, 1895.