No. 1,706.

## DAVIS AND RANKIN BUILDING AND MANUFACTURING CO.
### *v.* VICE ET AL.

MECHANIC'S LIEN. — *For Delinquent Subscriptions for Building.*—
Corporation.—One who entered into a contract with several part-
ies to construct a butter and cheese manufactory for them, upon
land furnished by them, each of such parties subscribing a specified
amount therefor, which subscriptions were made a part of the con-
struction contract, may have a mechanic's lien on the building and
the ground upon which it is situated, for unpaid subscriptions, not-
withstanding such subscribers organized a corporation which
became the owner of the building and grounds, which was in con-
templation·at the time the contract was made, and the corporation
never assumed the liability of the subscribers.

SAME.—*Single Lien.*—In such case the contractor would have only
one lien against the property, notwithstanding it had several indi-
vidual debtors.

SAME.—*Creature of Law.*—A mechanic's lien is the creature of the
law and not of contract.

PAYMENT.—*Accepting Note for Purchase-price of Land.*—An ac-
ceptance of a note payable in bank, for the amount of the purchase-
price of land, operates, *prima facie*, as payment to the vendor.

From the Tipton Circuit Court.

*Magee & Funk,* and *Gifford & Gifford,* for appellant.

*Beauchamp & Mount, Dean & Dean, Waugh, Kemp
& Waugh,* for appellees.

GAVIN, C. J.—Appellant, on Nov. 5, 1892, con-
tracted with various parties to build for them a butter
and cheese factory upon land to be furnished by them.

The contract sets forth the subscription of each
man and provides for the organization of a cor-
poration.

The contract is similar to that involved in *Davis,*

*etc., Mfg. Co.* v. *Booth,* 10 Ind. App. 364.   In that case, as well as in others, it has been adjudged that the contract was the several agreement of the makers to pay the amount set opposite their names, and not their joint promise to pay the full purchase-price.   *Davis, etc., Mfg. Co.* v. *Hillsboro, etc., Co.,* 10 Ind. App. 42 ; *Davis, etc., Mfg. Co.* v. *Barber,* 51 Fed. Rep. 148 ; *Davis, etc., Mfg. Co.* v. *Cupp,* 89 Wis. 672 ; *Davis* v. *Hendrix,* 59 Mo. App. 444; *Davis, etc., Mfg. Co.* v. *Jones,* 14 U. S. C. C. A. 30.

On March 11, 1893, appellant had completed the building according to contract.

June 10, 1892, a part of the signers, in pursuance of the provisions of the contract, organized the Windfall Creamery Company, whose corporate property was derived from appellant and one Nutter, from whom it purchased the land upon which appellant erected the factory, the conveyance being executed to the company, July 3, 1893, by Nutter, in whom the title had remained up to that time, and who was the owner of the land at the time of the erection of the factory.   The consideration for the conveyance was $50.00, for which he accepted the company's note payable in bank.   Nutter put the subscribers to the contract in possession of said land for the purpose of erecting and constructing said creamery building.

Appellant seeks to foreclose a mechanic's lien against the property for an unpaid balance of the contract price, resulting from various parties' failure to pay their subscriptions, notice of such lien having been duly filed.

It has been decided by this court, that, under circumstances similar to those here involved, the corporation did not assume any liability for the fulfilment of the subscriber's contract.   *Davis, etc., Mfg. Co.* v. *Hillsboro, etc., Co., supra.*

Since neither the corporation nor the other stock-holders are personally bound to carry out the contract of the defaulting subscribers, counsel argue that no lien can be enforced against the corporate property, because this would be, by indirection, compelling them to contribute to the payment of that for which they are not directly bound.

This proposition does not appear to us to be tenable. Personal liability for the payment for work done or materials furnished is not essential to the maintenance of a mechanic's lien. The lien is not the creature of the contract, but of the law. It is the law and not the contract which gives the lien. *Clark* v. *Huey*, 12 Ind. App. 224; *Vail* v. *Meyer*, 71 Ind. 159.

The cases are numerous wherein the property has been held liable to a mechanic's lien although there be no personal liability upon the part of the owner to pay the debt. *Dalton* v. *Tindolph*, 87 Ind. 490; *Gortemiller* v. *Rosengarn*, 103 Ind. 414; *Brigham* v. *Dewald*, 7 Ind. App. 115.

The appellant had but one lien against the property, notwithstanding it had several individual debtors. It would be wholly impracticable and out of harmony with legal principles to require it to have brought separate foreclosure suits for the sum due from each subscriber. Appellee's position to the contrary finds no support in *McGrew* v. *McCarty*, 78 Ind. 496, where it was held that there could be no joint lien on several buildings, because, as there said, each building stands as security or debtor for its own construction and no more. That is all that is here sought.

While there is some uncertainty and contradiction in the terms of the description in the complaint and notice, it is not such as to make the complaint bad upon demurrer. The description must be regarded as sufficient under the present liberal statute and de-

cisions thereon. *Dalton* v. *Hoffman*, 8 Ind. App. 101; *Smith* v. *Newbaur*, 144 Ind. 95; *Coburn* v. *Stephens*, 137 Ind. 683; *McNamee* v. *Rauck*, 128 Ind. 59; *Quaack* v. *Schmid*, 131 Ind. 185; R. S. 1894, section 7257.

We are of opinion that none of the objections urged to appellant's right to a lien are well founded.

The acceptance of a note payable in bank operated, *prima facie*, as a payment to Nutter. *Mason* v. *Douglas*, 6 Ind. App. 558; *Teal* v. *Spangler*, 72 Ind. 380; *Smith* v. *Bettger*, 68 Ind. 254.

Judgment reversed, with instructions to the trial court to restate its conclusions of law.

Filed April 22, 1896.