Vol. 103]     JANUARY TERM, 1898.     **579**

Waddy Bluegrass Creamery Co., etc. v. Davis-Rankin Bldg. and Mfg. Co., etc.

CASE 80—PETITION EQUITY—MAY 12.

103  579
105  820

103  579
121  240

# Waddy Bluegrass Creamery Co., Etc. v. Davis-Rankin Building and Manufacturing Co., Etc.

### APPEAL FROM SHELBY CIRCUIT COURT.

1. CONTRACTS—WHEN SEVERAL.—Subscribers to the stock of a proposed corporation, the subscription to be used in the erection of a building for the corporation, who used the words "we, the subscribers hereto agree to pay the above amount," referring to the cost of the building, and winding up with the stipulation that "each stockholder shall be liable only for the amount subscribed by him," are bound severally and not jointly.

2. MECHANIC'S LIEN—WHEN EFFECTIVE.—A mechanic's lien dates from the beginning of the work, or the furnishing the material.

3. STATUTORY CONSTRUCTION.—The subscribers to the capital stock of a corporation who had a contract to buy land, and were in possession thereof, were "the owners" within the meaning of the statute providing for a mechanic's lien.

4. MECHANIC'S LIEN.—The corporation subsequently organized having accepted the benefit of the purchase and improvements with full knowledge of the facts as to the contract of purchase by the subscribers to the capital stock, and of the contract for building, and the corporation being composed of the same parties that made the original contract, it took the property subject to the mechanic's lien.

L. C. WILLIS FOR APPELLANTS.

1. The paper, together with the facts and circumstances surrounding its execution, is conclusive that it was the purpose and intention of its signers that each of them should be liable for no other sum than the amount subscribed by him.

2. But if it is to be treated as a joint obligation the accepting of the notes of the different subscribers to the stock by the appellees was a novation and a change of the contract between the subscribers and the appellee.

3. If the appellee ever had any mechanic's lien or right to one, it is

**580**         KENTUCKY REPORTS.         [Vol. 103

Waddy Bluegrass Creamery Co., etc. v. Davis-Rankin Bldg. and Mfg. Co., etc.

estopped now to assert it by reason of its acceptance of Campbell and Scofield's notes, which were perfectly good at the time they were accepted, and their indulgence of them until they became insolvent.

4. A mechanic's lien is a particular and special remedy, and one seeking to enforce it should be held to the strict letter of the statute, and his claim will only be sustained when clearly within the statute. Am. & Eng. Enc. of Law, vol. 16, pp. 5 and 6.

ALBERT S. BRANDEIS FOR APPELLEE.

1. The acceptance of a promissory note for any part or for the whole of the money due by the owner to the contractor is not, in the absence of a clear intention to that effect, a waiver of the mechanic's lien, (LaViolat v. Redding, 4 B. M., 82; Graham v. Holt, 4 B. M., 6; Phillips on Mechanic's Liens, sec. 276, page 482; Gere v. Cushing, 5 Bush, 304; Gilbert v. Moody, 18 Ky. Law Rep., 312.) Nor does the negotiation of the note constitute an extinguishment of the lien. Phillips on Mechanic's Lien, sec. 278 and cases cited.

2. The contract was a joint and several undertaking; the obligors therein *in solido* undertook to pay in cash upon the completion of the contract by the building company the sum of $3,950.00; the proper construction of the writing is that the subscribers thereto, as between themselves, were to make a contribution to the fund in the proportions set out therein, but as between them and the building company they were to be jointly and severally bound. Ripley v. Crooker, 47 Maine, 370.

3. The conduct which is sought to estop the building company from asserting its liens is the taking of Campbell's note and the giving to him the receipt therefor wherein the creamery company is directed upon incorporation to issue to him paid up shares of stock; but appellants have not shown that they relied upon this conduct, or have suffered a loss or changed their position on account thereof. Bigelow on Estoppel, p. 638; Pomeroy's Equity Jurisdiction, vol. 2, sec. 805; Herman on Estoppel, page 966; Allis v. Meadow Spring Distilling Co., 67 Wis., 16.

J. C. BECKHAM AND BRIGHT & BRANDEIS, COUNSEL ON SAME SIDE.

Waddy Bluegrass Creamery Co., etc. v. Davis-Rankin Bldg. and Mfg. Co., etc.

JUDGE WHITE DELIVERED THE OPINION OF THE COURT.

In June, 1892, the appellee entered into a written contract with several parties (appellants) for the erection of a butter and cheese factory at Waddy, in Shelby county, Ky. The construction of that contract is one of the questions presented on this appeal. So much of the contract as bears on the question reads: "We, the subscribers hereto, agree to pay the above amount for said butter and cheese factory when completed, said building to be completed within ninety days or thereabout after the above amount, $3,950, is subscribed. Any portion of the amount subscribed not paid according to contract shall bear legal rate of interest. As soon as the contract price is subscribed, or in a reasonable time thereafter, the said subscribers, agree to incorporate under the laws of the State as herein provided, fixing the aggregate amount of stock at not less than the amount subscribed to be divided into shares of $100 each. Said share or shares, as above stated, to be issued to the subscribers hereto in proportion to their paid-up interest herein, and it is herein agreed that each stockholder shall be liable only for the amount subscribed by him.   *   *   *

| Names of subscribers. | No. shares. | Amount of stock after incorporation. |
| --- | --- | --- |
| J. T. Campbell, | 3 | $300 00 |
| T. M. Waddy, | 2 | 200 00, etc." |

Appellee claims that this contract is joint and not several; that is to say, that each subscriber is liable to the appellee for the full sum of $3,950.

After this factory was completed and accepted by appel-

lants the agent of appellee collected from the several subscribers the amounts subscribed by each, and from others took notes for the amount subscribed by them. Of the amount subscribed there has never been paid $1,750. Of this sum J. T. Campbell subscribed $1,600, J. F. Scofield $50, and J. S. Garrett $100.

Appellee sought to recover this balance from the other subscribers as a joint liability. The lower court declined to so adjudge, and the cross appeal is taken.

After the factory was completed appellee filed a statement in the county clerk's office as to the balance due on the contract, filing the contract as part of the statement, and by reason thereof a mechanic's lien is claimed on the factory and ground on which same is situate.

This first contract was made June 14, 1892. The articles of incorporation of Waddy Blue Grass Creamery Co. were signed and filed November 9, 1892. The deed to the lot was executed November 12, 1892, and the statement for mechanic's lien was filed November 18, 1892. This statement was sworn to on November 16, 1892, and it is therein stated that sixty days had not elapsed since appellee ceased to labor and furnish material, and that all the labor and material were furnished under the contract of June 14, 1892. The statement also includes the names of the subscribers to the June contract, as well as Waddy Blue Grass Creamery Co., as debtors in the account. The court below adjudged a mechanic's lien, on the property, and it was sold and brought $700.

From the judgment declaring a mechanic's lien and sale to satisfy the same this appeal is prosecuted. We are

of opinion that the contract of June 14, 1892, is several and not joint. While the words "we, the subscribers, hereto agree to pay the above amount, etc.," it also expressly says "and it is herein agreed that each stockholder shall be liable only for the amount subscribed by him."

To make the contract joint would render nugatory this latter clause. This view of the contract was held to be correct in Davis & Rankin Co. v. Barber, 51 Fed. Rep., 148, by the United States Circuit Court for the district of Indiana. (Davis & Rankin Co. v. Vice, Indiana Appellate Court, 43 N. E., 889; Davis & Rankin Co. v. Hillsboro Creamery Co., Indiana Appellate Court, 37 N. E., 549; Same Company v. Booth, 37 N. E., 818; Same Company v. Cupp, 89 Wis., 673; and other cases where this contract in effect if not identical in words, was in issue.)

Appellee so construed the contract as is shown by the fact that on the completion of the building its agent collected from each subscriber the amount so subscribed, and gave him a receipt. From others who did not then pay appellee took notes, some with security, and to all who gave notes gave time in which to pay. It is shown that the time granted to J. T. Campbell to pay his note of $1,600 was six months after its date, September 20, 1892. There is no doubt that the contract of June 14, 1892, in so far at least as it agrees to pay appellee the sum of $3,950 is several and not joint. It only bound the subscriber to pay the amount subscribed and shown on the face of the contract as subscribed by him.

The question presented on the original appeal as to the

existence of a mechanic's lien on the lot and building has some novel features.

We are of opinion that the statement was filed within sixty days after the completion of the work. The question then presents itself, does the lien exist? At common law the lien of the mechanic or material man did not exist as to realty, but he had a lien on personalty. The statutory lien given the mechanic while in derogation to the common law' is still within its spirit, and is the outgrowth of the spirit of encouraging general improvement. Its history is that of enlargement and extension in the thing covered, the persons entitled to the lien as well as a liberality in construction of the statutes so as to pay the laborer his hire.

The statute under which this lien is asserted is section 1, article 1, chapter 70 of the General Statutes, and provides: "A person who performs labor, furnishes material in the erection, altering or repairing a house, building or other structure, or for any fixture or machinery therein, * * * of real estate, by contract with, or by the written consent of, the owner, shall have a lien thereon and upon the land upon which such improvement may have been made, or on any interest such owner has in the same, to secure the amount thereof, with costs."

It will be noticed that while the work done or material furnished must be by contract with or written consent of the owner, there is nothing in the statute fixing the date of the contract as the date of the lien. It has uniformly been held, so far as we are advised, that the lien dates from the beginning of the work or the furnishing the material.

It is contended that in this case that neither at the date of the contract, nor the date of the beginning nor completion of the work, was appellant, Waddy Blue Grass Creamery Co., the owner of the land, because it was not then in existence, and that Mrs. Morton, the owner in fee of the land, never gave her consent in writing for the improvement, and in no way was a party to any contract for improvement. All of this is conceded, still at the date of the beginning of the work, when the lien, if it exists, must date, these subscribers to the contract with appellee had contracted to buy the land, and were put into possession of the land, and in our opinion this is such ownership of the land as fills the spirit, intention and letter of the law; that contract having been consummated by deed in fee by Mrs. Morton, the lien attached to the fee. However, it is said that this purchase was for the corporation to be formed, and was made by these parties without authority, because no authority could be given. There could be no agent without a principal. An agent dealing without a principal deals for himself, and that is the proposition we adhere to when we conclude the subscribers to the original contract with appellee were the owners in such a way as to bind the property. The creamery company accepted the benefit of the purchase and improvement with full knowledge of the facts as to the contract of purchase of the land and of the contract for the building of the factory and therefore must be held to take the property *cum onere.*

This corporation is composed of the same parties that made the original contract for the factory.

In the original contract made these parties expressly agreed to form the corporation that was to take the title to the land. This they did. The corporation can not be relieved on this account. This position is supported by the Indiana Appellate Court in the case of Davis & Rankin Building and Manufacturing Co. v. Vice, 43 N. E. Rep., 889, where the identical question here presented is decided.

By taking the note of Campbell the lien was not waived. On this note no one became liable but him. (Gere v. Cushing, 5 Bush, 304.)

Finding no error the judgment is affirmed on both original and cross appeal.