## INDIANA SAND AND GRAVEL COMPANY v. DONOVAN.

[No. 21,514.   Filed April 26, 1910.]

1. LIENS.—*Laborers'.—Enforcement of.—Basis of Suit.*—The basis of a suit for the enforcement of a laborer's lien is the notice of intention, filed with the recorder.   p. 166.

2. LIENS.—*Laborers'.—Creation of.—Statutes.*—The right to acquire a laborer's lien is purely statutory, and one claiming such a lien must show that he has complied with the statute.   p. 166.

3. MECHANICS' LIENS.—*Notice of.—Complaint.*—A complaint for the foreclosure of a mechanic's lien must set out, and make a part of the complaint, a copy of the notice filed in the recorder's office.   p. 166.

4. LIENS.—*Laborers'.—Complaint.—Sufficiency for Personal Judgment.—Insufficiency as to Lien.—Striking out.*—Where a complaint for the foreclosure of a laborer's lien states facts sufficient to authorize a personal judgment against defendant, but fails to state facts sufficient to authorize a foreclosure of a lien, a motion to strike out the part relating to the lien should be sustained.   p. 166.

5. CONSTITUTIONAL LAW.—*Avoidance of Decision on.*—Where a case must be reversed on another ground, alleged constitutional questions will not be considered.   p. 167.

From Warren Circuit Court; *James T. Saunderson,* Judge.

Suit by David H. Donovan against the Indiana Sand and Gravel Company. From a decree for plaintiff, defendant appeals. *Reversed.*

*Stansbury & Billings,* for appellant.
*Charles R. Milford,* for appellee.

MONTGOMERY, J.—Appellee recovered a judgment for $1,000 for services, and a decree foreclosing a statutory lien therefor upon appellant's corporate property. It is alleged that the trial court erred in overruling appellant's motions to strike out a part of the complaint and for a new trial, and in stating the second conclusion of law upon the special facts found.

Appellee's right to a lien upon appellant's property is based upon the act in force July 2, 1877 (Acts 1877 [s. s.] p. 27, §§8288-8293 Burns 1908.) The complaint alleges that appellant is a corporation doing business in Warren county, and that it is indebted to appellee in the sum of $873.88, for work and labor performed and for services rendered by him, as shown by a bill of particulars filed as exhibit A, and that said sum is due and unpaid.

This declaration is followed by the averments with respect to a lien, which appellant moved to strike out, to wit: "That on November 17 plaintiff filed in the office of the recorder of said Warren county a notice of his intention to hold a lien against the property and earnings of said defendant, which property was then and there situated in said Warren county, and said notice set out therein the amount due for service, the date of said service, the name of defendant, and was signed by plaintiff, and said notice was duly recorded in the records of said county, in miscellaneous record No. —, at page — thereof; * * * that a reasonable attorney's fee for enforcing the lien of plaintiff for said amount due to him and collecting it is $100."

The complaint contains no description, either general or

particular, of the property against which the lien is sought to be enforced, but no question is made of such omission.

Appellant insists that the recorded notice of an intention to hold a lien under this act is the foundation of the suit for the enforcement of a lien, and that such notice, or a copy thereof, must be filed as an exhibit with the complaint. This contention must be sustained. There is no substantial difference in the character of the lien authorized under this act and that provided for in favor of mechanics. The right to acquire such liens is purely statutory, and one claiming the benefits of these statutes must show a compliance with their terms. The amount, character and validity of the lien can be determined only from the notice required to be filed and recorded, and hence the notice is the foundation of the action for the enforcement of the asserted lien. It has long been settled that in a suit for the foreclosure of a mechanic's lien the recorded notice, or a copy thereof, is an essential part of the complaint. *Wasson* v. *Beauchamp* (1858), 11 Ind. 18 ; *Busenbark* v. *Etchison Ditching Assn.* (1878), 62 Ind. 314; *McCarty* v. *Burnct* (1882), 84 Ind. 23; *Scott* v. *Goldinghorst* (1890), 123 Ind. 268; *Davis* v. *McMillan* (1895), 13 Ind. App. 424.

If a complaint states facts sufficient to entitle the plaintiff to a personal judgment, questions relating to the sufficiency of the notice of a lien, or its absence from the complaint, may be properly presented by a motion to strike out the allegations seeking to enforce the lien. *Bourgetle* v. *Hubinger* (1868), 30 Ind. 296; *Howell* v. *Zerbee* (1866), 26 Ind. 214; *O'Halloran* v. *Leachey* (1872), 39 Ind. 150; *Hill* v. *Braden* (1876), 54 Ind. 72; *Lawton* v. *Case* (1880), 73 Ind. 60. Appellant's motion to strike out that part of the complaint heretofore quoted should have been sustained.

It is contended that the statute under consideration, authorizing labor liens on the property of corporations, is un-

constitutional; but, in view of the insufficiency of the
5. complaint to justify the foreclosure of a lien, that
question is not now before us for determination.
Other questions relating to the evidence have been argued,
but as they will not likely arise again they will not be considered.

The judgment is reversed, with directions to sustain appellant's motion to strike out parts of the complaint, and for further proceedings.