CASE 85—PETITION ORDINARY—DECEMBER 1.

# Ratcliff v. Bellfonte Iron Works Co.

### APPEAL FROM CARTER CIRCUIT COURT.

1. EJECTMENT.—When the possession of the plaintiff in ejectment and the entry upon it by the defendant are shown, the right of recovery can not be resisted by showing that there is or may be an outstanding title in another, but only by showing that the defendant himself either has title or authority to enter under the title.

2. SAME—LANDLORD AND TENANT.—The attornment of a tenant to a stranger is void, unless it be with the consent of the landlord or pursuant to a judgment of court.     (General Statutes, chapter 63, article 1, section 16.)

    In this action of ejectment it appeared that a tenant of the defendant had obtained possession by hiring the plaintiff's tenant to leave. *Held*—That it was proper to instruct the jury that if the tenant of the plaintiff " surrendered his possession of the land to the defendant without the consent of the plaintiff, the same was void, and the legal possession was not changed to it, and the plaintiff was not divested of its possession by said surrender to the defendant." And it is not necessary to a recovery by plaintiff that he should either show a title to the land derived from the Commonwealth or an adverse possession for a period of fifteen years.

3. ESTOPPEL.—When a person encourages or induces another to buy an estate, he is estopped from thereafter setting up any prior claim he may have had.

    The evidence tending to show that the plaintiff's vendor was induced to buy and pay for the land in controversy by reason of the defendants's statement that he did not claim the land, the court properly instructed the jury that if they believed that such was the fact, they should find for the plaintiff.

THOMAS W. MITCHELL, J. D. JONES AND W. H. JULIAN FOR APPELLANT.

In an action to recover land, plaintiff must recover, if at all, upon the strength of his own title, and not by reason of want of title in the defendant in possession.

E. F. DULIN FOR APPELLEE.

The attornment of a tenant to a stranger is void, unless it be with the consent of the landlord or pursuant to a judgment of a court. (General Statutes, chapter 63, article 1, section 16.)

CHIEF JUSTICE LEWIS DELIVERED THE OPINION OF THE COURT.

This is an action of ejectment upon the trial of which, resulting in favor of the plaintiff, neither party exhibited title to the land in contest, which was deduced from the Commonwealth. The plaintiff put in evidence a deed from Dulin, Commissioner of the Greenup Circuit Court, on behalf of the heirs of Richard Graham, for four hundred and twelve acres, described as part of Graham's one hundred and thirty-eight thousand three hundred and twenty acres, to Hiram and William Pope, dated in 1873, and also a deed from the Popes, dated in 1874, to it, the plaintiff, for three hundred and fifty-four acres.

It appears from the testimony that, although the deed was not made by Dulin until 1873, the land was sold and a survey made of it in 1866, and in 1867 or 1868 the Popes built a cabin upon it, which was occupied by their tenants three or four years, when the house was burned, and the land was not occupied thereafter by them nor their vendee, the plaintiff, until November, 1881, when the latter leased it in writing for one year to Coleman, who went upon it as its tenant, another cabin having been built. But a short time thereafter a tenant of the defendant, Ratcliff, got possession by hiring Coleman to leave ; and there is evidence tending to show that was done at the instigation and at the expense of the defendant. The defendant exhibited a deed from the sheriff of Greenup county, dated 1819, to James Ward, for one hundred and thirty-eight thousand three hundred and twenty acres, which, as recited in the deed, was sold under execution for small amounts against the

estate of Henderson and Linton, surviving trustees of Richard Graham, deceased, and also a deed to himself, dated 1872, from Womack and wife, the latter a daughter of Ward, for a tract of land, the boundary of which it is contended covers the land in dispute.

There is testimony that in 1853 one Gilbert leased a tract of land within the Graham survey from Ward, and in 1866 leased the same from Womack and wife; but though he cleared and cultivated a small portion, does not appear to have lived on it, and one of the questions in this case is, whether the land conveyed by Womack and wife in 1872 is part of that tract.

Though both plaintiff and defendant claim under the Graham patent, the evidence is not such as to directly connect the title of either of them with it, and the question is as to the superior possessory right.

The first instruction given by the court is as follows: "That the plaintiff has not made out a title deducible from the Commonwealth; but if the jury believe from the evidence that the plaintiff, or those under whom he claims, had purchased the land in controversy, and took a deed for same, and entered upon and took actual possession of said land before the bringing of this suit, then the jury will find for the plaintiff the land in controversy." That instruction is not proper, unless qualified and explained by other instructions, showing all the conditions for such recovery, and also saving the hypothetical rights of the defendant.

The plaintiff in ejectment may recover on a bare possession when there has been an actual disseisin or

ouster; and even when there has not been such ouster,
and the defendant appears to be a trespasser without
color of title. (Fowke v. Darnall, 5 Litt., 316.) The
second of these conditions does not, however, exist in
this case. It is also settled, that when the possession
of the plaintiff and the entry upon it by the defendant
are shown, the right of recovery can not be resisted
by showing that there is or may be an outstanding
title in another, but only by showing that the defend-
ant himself either has title or authority to enter under
the title. (Sowder v. McMillan, 4 Dana, 456.) For as
said in that case, the plaintiff "can no more be de-
prived by the defendant's wrongful act of the pre-
sumption or rights attaching to a peaceable possession
than the defendant can acquire them."

The fact of the plaintiff being in the peaceable pos-
session of the land under the deed from Popes, and
claiming to the extent of the boundary defined by
that deed and also marked, is made in an instruction
a condition of its right of recovery. There was no
evidence the defendant himself had ever, previous to
the alleged wrongful entry by him, been in the actual
possession of any part of the land. On the contrary,
the possession, unless the Popes held it, was vacant
from 1872, the date of the Womack deed.

But as there was evidence tending to show that
Ward, and after him Womack and wife, by their
tenants, previous to the entry [by Popes, occupied and
put improvements upon several distinct parcels of
land within the Graham survey, including the one
leased to Gilbert, it was a proper and necessary sub-
ject of inquiry by the jury, whether the Gilbert lease

did in fact include the land in controversy, the evidence in regard thereto being conflicting.

The fifth instruction is as follows: "That if the defendant, and those under whom he claims, did not take the actual possession of the land in controversy, that the several entries made by them was limited by them and tenants, or did not include the land in controversy, then the law does not require the possession of the plaintiff, as directed in the first instruction, to extend the period of fifteen years; and if they should so believe, and also believe that the plaintiff had the actual possession thereof under its deed by entry thereon, and making improvements, and the defendant, or those in his employ, entered upon the same before the bringing of the suit, they will find for the plaintiff the land in controversy." As said substantially in that instruction, the plaintiff was entitled to recover unless the defendant, and those under whom he claims, had the actual possession, by entry, previous to that of the plaintiff, which involved the inquiry whether the tract leased to Gilbert included the land in controversy; and as the jury were, in another instruction, directed to find for the defendant in case they believed he and those under whom he claims had the actual possession, claiming to a well-defined boundary, before the entry of the plaintiff, and such boundary included the land in controversy, they must have understood the fifth instruction as requiring a verdict for the defendant, if it was included in the boundary of the tract leased to Gilbert.

The fifth instruction was rather prejudicial to the plaintiff in pretermitting an inquiry as to the effect of

the possession becoming vacant as to the defendant in 1872, and in making a possession by the plaintiff, and those it claims under, for fifteen years, a condition in any case of its right to recover.

Section 16, article 1, chapter 63, General Statutes, provides that "the attornment of a tenant to a stranger shall be void, unless it be with the consent of the landlord or pursuant to a judgment of court." It was, therefore, proper to instruct the jury that if the tenant of the plaintiff "surrendered his possession of the land to the defendant without the consent of the plaintiff, the same was void,.and the legal possession was not changed by it, and the plaintiff was not divested of its possession by said surrender to the defendant."

The following instruction was also proper: "If and before Popes had obtained their deed from Graham and Beaty's heirs for the land in contest, and before they had paid for the same, one or both the Popes went to Ratcliff and asked him if he had any claim on said land, and he told him or them he did 'not claim any land on the south side of Little Sinking, and they were induced to take the deed and pay for said land by reason of said statement of Ratcliff, then Ratcliff is barred of now setting up claim to said land against their vendee, the plaintiff."

It has been often decided by this court that when a person encourages or induces another to buy an estate, he is estopped from thereafter setting up any prior claim he may have had (Springle v. Morrison, 3 Litt., 55; Harrison v. Edwards, Ibid., 350; Gerault v. Anderson, 2 Bibb, 543; Barclay v. Hendricks, 3 Dana

378 ; Sale v. Crutchfield, 8 Bush, 645.) And in our opinion, the facts upon which that instruction is based, if true, are decisive of this case.

According to the views we have already expressed, it was not necessary to a recovery by the plaintiff that it should either show a title to the land in controversy derived from the Commonwealth, or an adverse possession for a period of fifteen years ; and the instruction asked by the defendant, containing such conditions of its right to recover, was properly refused. Nor did the court err in refusing the one relating to champerty, for the question involved was whether or not the tract leased by Gilbert covered the land in dispute, and there was evidence justifying the finding of the jury it did not. Moreover, as before said, the possession as to the defendant was vacant when the plaintiff entered.

As the converse of the proposition stated in each of the other instructions asked by the defendant was intelligently stated in those given, the court did not err in refusing them, and perceiving no ruling of the court by which the substantial rights of the defendant were prejudiced, the judgment must be affirmed.