CASE 54—PETITION ORDINARY—MARCH 26.

# L. & N. R. R. Co. v. Williams.

APPEAL FROM KNOX CIRCUIT COURT.

1. RAILROADS—CHARTER PROVISION AS TO LIMITATION OF ACTIONS— POWER TO REPEAL.—The Legislature has the power to repeal or alter, at its pleasure, the provision in the charter of a railroad company requiring actions against it for stock killed by its negligence to be brought within six months.

2. SAME.—The charter provision in question having been recognized by the courts as being in force since the adoption of the General Statutes, the question as to whether it was repealed by their adoption will not now be considered.

L. & N. R. R. Co. v. Williams.

WILSON & RAWLINGS FOR APPELLANT.

1. The charter provision requiring actions to be brought against appellant within six months after the injury is constitutional and has been upheld by this court. O'Bannon v. L., C. & L. R. R. Co., 8 Bush, 388; Mortimer v. L. & N. R. R. Co., 10 Bush, 485.

2. The evidence is insufficient to show negligence

J. A. MITCHELL, J. W. ALCORN AND H. W. BRUCE FOR APPELLANT IN PETITION FOR REHEARING AFTER DELIVERY OF FORMER OPINION.

1. Since the adoption of the General Statutes, for a term of twenty-three years, the charter provision in question has been recognized and treated by litigants all over the State, and by all the courts of the State, including this court, as being in force. K. C. R. R. Co. v. Kinney, 10 Ky. Law Rep., 251; Stewart v. L. & N. R. R., Co., 10 Ky. Law Rep., 542; Lucas v. K. C. R. R. Co., 12 Ky. Law Rep., 652; L. & N. R. R. Co., v. Bowen, 18 Ky. Law Rep.

2. General laws will not impliedly repeal special or local laws. Sutherland on Statutory Construction, secs. 157-8, and authorities there cited. Commonwealth v. Cain, 14 Bush, 525.

DISHMAN & HAYS FOR APPELLEE.

1. The Legislature had the power to repeal the provisions of the charter as to the time in which actions should be brought against the company. Am. & Eng. Enc. of Law, vol. 8 pp. 620, 621, and 624; Chattaroi Railway Co. v. Kenner, 81 Ky., 221; Mortimer v. L. & N. R. R. Co., 10 Bush, 485.

2. The adoption of the General Statutes in 1873 repealed the charter provision, fixing six months limitation within which suits like this might be brought against appellant. General Statutes, 1873 (chap. 71, art. 3, sec. 3).

JUDGE PAYNTER DELIVERED THE OPINION OF THE COURT.

The petition was filed on the 14th day of May, 1894, in which it is averred that on the ——— June, 1893, the train of the appellant ran over and killed a mare belonging to the plaintiff and one Hamons, of the value of $105; that it was the result of the negligence of those in charge of the train, etc. The action was not brought within six

L. & N. R. R. Co. v. Williams.

months after the mare was killed.  There is a provision in the charter of the appellant which requires actions like this to be brought within six months after the accident.

Two questions are involved in this case.  (1.) Has the Legislature the right to repeal that provision of the charter of the appellant which requires the owner of stock, killed by the negligence of the appellant, its employes or servants, to bring the action therefor within six months after the stock had been killed?  (2.) Has that provision of the charter of the appellant, which requires such action to be brought within six months, been repealed?

Assuming that the railroad company has (without so deciding) irrevocable charter rights, still that provision of the charter which requires an action to be brought within six months for injury to stock, is not one of them.  It is a question for the State to determine as to what is the best policy in the matter of prescribing the time in which actions must be brought.  It is purely a question of remedy that can be altered or changed at the pleasure of the Legislature.  To do so does not materially interfere with the substantial enjoyment of the rights which have been granted the corporation.

It was ruled in Howard v. The Kentucky & Louisville Mutual Insurance Co., 13 B. M., 282, that the remedy may be changed by the Legislature, if the obligation of the contract is not thereby impaired.

It was said in Chicago Life Insurance Co. v. Needles, 113 U. S., 580, " equally implied in our judgment, is the

condition that the corporation shall be subject to such reasonable regulations, in respect to the general conduct of its affairs, as the Legislature may, from time to time, prescribe, which do not materially interfere with or obstruct the substantial enjoyment of the privileges the State had granted, and serve only to secure the ends for which the corporation was created. (Sinking Fund cases, 99 U. S., 68, 70; Commonwealth v. Farmers & Mechanics' Bank, 21 Pick., 542; Commercial Bank v. Mississippi, 4 Sm. & Marsh., 497, 503.")

In Terry v. Anderson, 95 U. S., 633, the court said:

"This court has often decided that statutes of limitation affecting existing rights are not unconstitutional, if a reasonable time is given for the commencement of an action before the bar takes effect. (Hawkins v. Barney, 5 Pet., 451; Jackson v. Lamphire, 3 Id., 280; Sohn v. Waterson, 17 Wall., 596; Christman v. Russell, 5 Id., 290; Sturges v. Crowninshield, 4 Wheat., 122.)

It is difficult to see why, if the Legislature may prescribe a limitation where none existed before, it may not change one which has already been established. The parties to a contract have no more a vested interest in a particular limitation which has been fixed, than they have in an unrestricted right to sue. They have no more a vested interest in the time for the commencement of an action than they have in the form of the action to be commenced; and as to the forms of action or modes of remedy, it is well settled that the Legislature may change them at its discretion, provided adequate means of enforcing the right remain."

It was held in Chattaroi Railway Co. v. Kinner, &c., 81 Ky., 221, that a special remedy given to a railway company for the condemnation of real estate may be repealed by a general act applying to all railroads, and that there is no element of a contract in a special remedy. In the former opinion delivered in this case the court's attention was not called to some decisions of this court on the question as to whether the six months' limitation provisions of the appellant's charter, and similar charters were in force after the adoption of the General Statutes. The court's attention was only called to the cases of O'Bannon v. L. C. & L. R. R. Co., 8 Bush, 352; Mortimer v. L. & N. R. R. Co., 10 Bush, 486, in which the court adjudged valid the charter provisions requiring actions to be brought within six months after the stock was killed. The General Statutes were not in force when the causes of action arose in these cases.

In Lucas v. K. C. R. R. Co., 12 L. R., 652, the court in passing upon a charter provision which required an action for killing stock to be brought within six months, said: "This case originated in a magistrate's court in Covington, and involves the value of a horse killed, as is alleged, by the negligence of the employes of the railroad company. A constitutional question has been raised as to that clause of appellee's charter fixing the limitation of actions for killing stock on its track at six months. This plea of limitation defeated the recovery. We perceive no reason why the act is in violation of the Constitution. Various causes of action exist by reason of legislation against railroad companies, that can not be maintained

against a natural person. The rules of evidence have
been changed, as applied to this class of companies, by
placing the burden on the company to relieve itself of a
*prima facie* case arising from the act of killing, although
the stock is trespassing on the road of the appellee.
These provisions have been held constitutional, and it
seems to us there is nothing in the objection made. The
original road, brought into existence by the act of incor-
poration, was sold with all its rights, franchises, immun-
ities, etc., and passing to the purchaser, he became in-
vested with the rights of the old corporation, including
the right to interpose the plea of limitation as a bar to
the recovery."

In Stuart v. L. & N. R. R. Co., 10 L. R., 542 (Superior
Court), the court said:

"We are of the opinion that the provisions of appellee's
charter limiting actions against it, for injuries to stock
straying upon its track and inflicted by the engine and
cars, to six months, is still in force."

In L. & N. R. R. Co. v. Bowen, 18 L. R., 1100, the pro-
visions of the charter of the appellant, in relation to
limitation of actions for injuring or killing stock, was
recognized to be in force.

All these causes of action arose under the General
Statutes. Whilst the court in these cases did not discuss
the question as to whether the charter provisions relating
to limitations had been repealed by the General Statutes,
still it recognized that they were in force. In view of
these decisions we deem it unnecessary to enter into a dis-
cussion as to whether the General Statutes repealed the

provision of the charter of the appellant, which we have been considering.   More than six months had elapsed from the time the mare was killed to the institution of this action; hence the statute of limitation was available as a defense to the action.

The judgment is reversed for proceedings consistent with this opinion.