CASE 29.—ACTION BY W. S. GENOVELY AGAINST MARY A.
MIVELAZ TO ENFORCE A MECHANIC'S LIEN.—October 18.

## Mivelaz v. Genovely.

Appeal from Jefferson Circuit Court, Chancery
Branch (2d Division.)

SAMUEL B. KIRBY, Judge.

Judgment for plaintiff. Defendant appeals. Affirmed.

1. Mechanic's Lien—Subcontractor's Lien—Estoppel—Evidence
—Where, in a suit by a subcontractor to enforce a mechanic's
lien, there was evidence that the subcontractor knew that
the principal contractor intended to collect the contract price
for the building from the owner, and that he did collect it,
but there was no proof that the subcontractor said or did
anything showing that he waived his lien, or that the owner
was induced to pay the principal contractor the contract
price by reason of any representations made by the subcon-
tractor, or that the subcontractor authorized the principal
contractor to give a receipt, on payment of the price, reciting
that all claims for labor had been paid, the subcontractor
was not estopped from enforcing his lien.

2. Same—Waiver—Taking Note from Contractor—Effect—Taking
a note of the contractor by a subcontractor for a debt which
is a lien, and the negotiation of the note at a bank, will
not impair the subcontractor's lien, where he is compelled
to take up the note.

E. L. McDONALD for appellant.

### POINTS AND AUTHORITIES.

1. In a suit by a subcontractor against the owner of property
to enforce a mechanic's lien thereon the contractor, who is
the debtor of the subcontractor, is a necessary party, and it is
reversible error to overrule a special demurrer for want of such

proper party. (Ky. Stats., sec. 2471; Phillips on Mechanics' Liens, sec. 397.)

a. A subcontractor having knowledge that his debtor, the contractor, is about to collect the balance due him from the owner for the construction of a house, and having agreed to accept the contractor's notes in payment of the amount due him, which arrangement is carried out, is afterwards estopped to assert a mechanic's lien on the property. (Hall v. Alford, 105 Ky., 664; Paper of H. O. Taylor, in 3 Ky. Law Rep., 61; Vrooman v. Turner, 69 New York, 280; Herman on Estoppel, pp. 1047, 1055, 1069, 1075, 897; Phillips on Mechanics' Liens, p. 966; Grainger & Co. v. Patterson, 24 Ky. Law Rep., 2387.)

b. Although ordinarily the mere acceptance of a promissory note by a mechanic does not operate as a waiver of his lien, it will have that effect if accepted as an absolute payment. (Phillips on Mechanics' Liens, p. 456; Clement v. Newton, 78 Ill., 427.)

2. A subcontractor contracting with his debtor with reference to his personal security alone, and having no intention of claiming a mechanic's lien for his security, is not entitled to such lien. (Stephens v. Ward, 11 B. Mon., 337; Phillips on Merchanics' Liens, sec. 18.)

3. The six months allowed by the statute in which a mechanic may file his statement of lien in the county clerk's office begins to run from the substantial completion of his contract, and is not extended by the mechanics thereafter doing "extras" which were not a part of his contract, and for which an additional charge is made. (Phillips on Mechanics' Liens, secs. 18, 322, 327; Ky. Stats., sec. 2468; Hardin v. Marble, 13 Bush, 358; Am. & Eng. Ency. of Law, 2d Ed., vol. 20, pp. 398-400; Fay v. Muhlker, 1 Misc. [N. Y.], 321; Noye Mfg. Co. v. Flouring Mills Co., 110 Mich., 161; Frankovitz v. Smith, 34 Maine, 403; Schulenburg v. Vrooman, 7 Mo. App., 133; Scott v. Cook, 8 Mo. App., 193; McKelvey v. Jarvis, 87 Pa. St., 414; King v. Ship Bld. Co., 50 O. St., 320; Harth v. Richardson, 91 Maine, 424; Baker v. Fessenden, 71 Maine, 192; Congden v. Kendall, 53 Neb., 387; Avery v. Butler, 30 Oregon, 287; Berry v. Turner, 45 Wis., 105; Sanford v. Frost, 41 Conn., 617; Dayton v. Minn. R. & I. Co., 63 Minn., 48; Dunn v. McKee, 37 Tenn., 657.)

4. The statute gives a mechanic's lien only to those who labor or furnish materials "by contract with, or by the written consent of, the owner," etc., and a subcontractor who labors for a contractor under an implied contract only is not entitled to a lien.

(Ky. Stats., sec. 2463; Rudd v. Littell, 20 Ky. Law Rep., 158; Phillips on Mechanics' Liens, sec. 120.)

BURWELL K. MARSHALL for appellee.

### POINTS AND AUTHORITIES.

1. The lien of the mechanic is not affected by taking a note without security[1] (Ky. Stats., 1903, p. 956, notes to sec. 2467; Graham v. Holt, 4 Ben Mon., 61; Laviolette v. Redding, 4 Ben Mon., 81; Gere v. Cushing, 5 Bush, 304; Norton v. Hope Milling Company, 19 Ky. Law Rep., 382.)

2. The Kentucky Statutes must be regarded as containing all the statute law on the subjects indicated by the title, and the chapter on mechanics' liens is all the law on that subject in Kentucky. (Broadus v. Broadus, 10 Bush, 299.)

3. Requisites of estoppel are all wanting in this case. (Bigelow on Estoppel, p. 570, as follows:

a. There must have been a false representation or concealment of material facts.

b. The representation must have been made with knowledge, actual or virtual, of the facts.

c. The party to whom it was made must have been ignorant, actually and permissibly, of the truth of the matter.

d. It must have been made with the intention, actual or virtual, that the other party should act upon it.[1]

e. The other party must have been induced to act upon it. (Ware v. Cowles, 24 Ala. Rep., p. 449; Andrews v. Aetna Life Ins. Co., 85 N. Y. Reps., 334; Winergar v. Fowler, 82 N. Y. Reps., 315; Simonson v. Staebleweiry, 82 Wis., 338; 11 Am. & Eng. Ency. of Law, p. 436; Blodgett v. Perry, 97 Mo., p. 267.)

4. A mechanic is entitled to lien for work done and materials furnished, and has the whole of the six months in which to file his statement of lien. (Ky. Stats. 1903, sec. 2463; Ky. Stats. 1903, sec. 2468; 20 Am. & Eng. Ency. of Law, 2 Ed., 390.)

5. Mechanics' lien law is constitutional and the subcontractor is entitled to his lien, although purchase made in name of contractor or work done for contractor, and although the owner has paid the contractor for the work. (Stewart v. Gardner, 24 Ky. Law Rep., 1216; Hodges v. Arvidson, 23 Ky. Law Rep., 2078; Browinski v. Pickett, 24 Ky. Law Rep., 305; Nelson Mfg. Co. v. Mann Brothers, 24 Ky. Law Rep., 1549.)

6. The law of mechanics' liens is fully treated in 20 Am. & Eng. Ency. of Law, 2 Ed.

7. Completion of the work is a question of fact in each case. (20 Am. & Eng. Ency. of Law, 2 Ed., pp. 395, 396, 398, 399.)

8. A mechanic's lien is a creature of law and not of contract, and it is not necessary the work should be done with the intention of claiming the lien. (20 Am. & Eng. Ency. of Law, 2d Ed., p. 349; also pp. 345 346 and 347.)

9. The fact that Barnes was not made a party, if an error, is one which did not and could not prejudice the substantial rights of appellant, and the Code provides in such cases that the judgment shall not be reversed or affected by reason of such error or defect. (Carroll's Civil Code for 1900, sec. 756; Carroll's Civil Code for 1900, sec. 338; Carroll's Civil Code for 1900, last sentence of sec. 134.)

OPINION BY JUDGE NUNN—Affirming.

This appeal is from a judgment of the Jefferson Circuit Court enforcing a mechanic's lien in favor of the appellee for $118.50 for work performed for appellant under a contract made by her with one R. A. Barnes, a contractor, who employed appellee. Appellee alleged that the labor he performed was completed on the 9th of April, 1903. According to this allegation, the appellee filed the lien as provided by secs. 2463 and 2468, Ky. Stats. 1903. In her answer appellant denied that appellee was employed or performed the labor, and alleged that she contracted with one Barnes to complete her house, and that she had no knowledge of the appellee performing any labor on the building, and, without any notice to that effect, she, on the 23d of April, 1903, made a final and complete settlement with Barnes, paying him in full. She further alleged that she was assured by Barnes that all bills were paid and no lien could be filed against her property. She further alleged that Barnes made a settlement with appellee before he collected the balance due from her, and that appellee agreed that Barnes might collect the balance from her and that he would waive his lien against her property. In other words, she claimed that there was a contract between appellee and Barnes by

which appellee authorized Barnes to collect the balance of the money from her, and that he agreed to take a note of Barnes in settlement of his claim and to waive his claim to look to her property to pay his debt. All of these allegations were expressly denied by the reply.

The proof shows, without contradiction, that appellee was the subcontractor under Barnes, and that he painted appellant's building at the price stated, and that after appellee completed the job, and before the 23d of April, 1903, the date when appellant paid to Barnes the balance of the contract price, Barnes and the appellee met, and appellee asked Barnes to execute to him two notes, one for $75 and the other for $100, which Barnes did. Appellee desired these two notes for the purpose of paying two of his creditors, whom he owed these two amounts. His creditors discounted these two notes in bank, and when they became due appellee was compelled to take them up; Barnes never having paid them. Barnes and the appellee agreed that there was no settlement of their accounts between them at that time. Barnes testified that the amount of these two notes was more than he owed appellee. Appellee testified that it was less by some $125. It is true that appellee knew that Barnes intended to collect the balance of the contract price for the erection of the building from appellant; but there was not any proof that appellee said or did anything at that or at any time showing that he waived or surrendered his lien on the property. Soon after Barnes executed these notes to appellee he became insolvent. At the time appellant paid Barnes the balance due him on the contract, she took a receipt from him, in which it was stated that all bills and claims for labor on the building were paid, and that there was no liens on the prop-

erty. Appellant did not allege or prove that appellee knew that Barnes gave such receipt, nor that Barnes was authorized by appellee to give it, and the proof shows that appellee was not aware of this receipt or any representations made by Barnes to appellee. Nor is it shown by the proof that appellant was induced to pay the balance of the contract price to Barnes by reason of any acts or representations of the appellee. We are of the opinion that her plea of estoppel was not sustained by the proof.

But it is contended that Barnes told her the truth when he stated that he had paid the appellee. This court has frequently decided that the mere taking of a note from a debtor did not pay the debt. It was only a new evidence of it. And the taking of a note of the builder by the subcontractor for a debt which is a lien, or the negotiation of a note at bank, will not impair the lien, where payee is compelled to take up the note. (Graham v. Holt, 4 B. Mon., 61; Laviolette v. Redding, Id., 81; Gere v. Cushing, 5 Bush, 304; Waddy Blue Grass Creamery Co. v. Manufacturing Co., 103 Ky., 579, 20 Ky. Law Rep., 259, 45 S. W., 895.)

There was conflict in the proof as to whether or not appellee filed his lien in the time prescribed by the statutes. We are of the opinion, however, that the preponderance of the evidence favored the contention of the appellee.

For these reasons the judgment of the lower court is affirmed.