CASE 32.—ACTION BY A. W. JOHNSON AGAINST MARY E. MIVELAZ TO . ENFORCE A MECHANIC'S LIEN FOR BUILDING A CEMENT SIDEWALK.—Jan. 11.

## Mivelaz v. Johnson

Appeal from Jefferson Circuit Court, Chancery Branch (Second Division).

SAMUEL B. KIRBY, Judge.

Judgment for plaintiff.    Defendant appeals.    Affirmed.

1. Mechanics' Liens—Statement of Claim—Description of Property—Sufficiency.—A statement of a claim for a mechanic's lien described the property sought to be subjected as beginning at a point 647½ feet south of P. street, and extending southwardly from this point 26 feet and 4 inches., The property intended to be covered was in fact situated 637½ feet south of P. street, and extended from this point southwardly 26 feet and 4 inches.   The value of the 16 feet and 4 inches of the property intended to be covered, included in the description in the statement, was much greater than the claim.   Held, that the inaccuracy in the description did not invalidate the lien under Ky. Stat. 1903, sec. 2468, requiring the filing of a statement of a claim for a mechanic's lien containing a description of the property intended to be covered sufficiently accurate to identify it.

2. Same—Name of Owner.—A claimant for a mechanic's lien, who incorrectly states the name of the owner of the prop-

Mivelaz v. Johnson.

erty sought to be subjected, is not deprived of his right
to enforce such lien under Ky. Stat. 1903, sec. 2468,
requiring the statement filed thereunder by mechanic's lien
claimants "to state the name of the owner, if known," since
the claimant could not lose his rights by being mistaken in
the name, as the statute only required it, if known.

3. Same—Right of Subcontractor—Waiver of Right—Accepting
Note from Main Contractor.—The fact that a subcon-
tractor accepted a note from the main contractor for the
amount of his claim did not affect his right to enforce his
mechanic's lien against property of the owner.

E. L. McDONALD for Appellant.

### POINTS AND AUTHORITIES.

1. The court erred in sustaining the demurrer to the third
paragraph of appellant's answer, which showed that appellee did
not intend to claim a lien upon her property, and authorized
Barnes, the original contractor, to represent to appellant, the
owner of the property, that no liens were, or could be, claimed
upon her property, which representation was made to appellant
and relied upon by her in making her final settlement with
Barnes. (Grainger & Co. v. Patterson, 25 Ky. Law Rep., 2387;
Nall v. Alford, 105 Ky., 664; Vrooman v. Turner, 69 N. Y., 280;
Herman on Estoppel, pages 1047, 1055, 1069, 1075, 897; Phillips
on Mechanic's Liens, page 966.)

2. The court erred in sustaining the demurrer to the second
paragraph of the answer of appellant, which showed that the
description of the lot in the statement of lien filed by appellee
did not include any portion of the lot upon which appellee
worked. The work done by said appellee being the construction
of a pavement, which lay entirely outside of the description given
by him in his statement of lien. (Amer. & Eng. Enc. of Law,
vol. 20, pp. 418, 421; Phillips on Mechanic's Liens, sections 378,
390; Holmes v. Hutchins, 38 Neb., 601; Bell v. Bosche, 41 Neb.,
853; McDonald v. Lindall, 3 Raleigh, Penn., Muto v. Smith,
175 Mass., 175; Lemly v. LaGrange Iron and Steel Co., 65 Mo.,
645; Williamette Steam and Lbr. Co. v. Kremer, 25 Pac. (Cal.)
1226; Barnett's Executrix v. Murray, 62 Mo., 500; Foster v. Cox,
123 Mass., 45; Cowie v. Ahrenstedt, 1 Wash. State, 416; Whittier,
&c., v. Stetson, &c., 33 Pac., 393; Howell v. Zerbee, 26 Ind., 214;
City v. Irwin, 46 Ind., 438; Maynard v. East, 13 Ind. App., 432;
Wright v. Beardsley, 69 Mo., 548; Kellogg v. Littell, &c., 1 Wash.
State, 407; Lindley v. Croos, 31 Ind., 109; Runey v. Rea, 7
Oreg., 130.)

Mivelaz v. Johnson.

## CASES DISTINGUISHED.

Cleverley v. Moseley, 148 Mass., 284; Kennedy v. House, 41 Pa. State, 40; Williamette S. M. Co., 94 Cal., 208.

3. The statement of mechanic's lien filed by appellee is fatally defective and insufficient to support his claim of lien, by reason of the fact that it states the name of the owner of the property to be Mary "Mulvin" instead of Mary Mivelaz, the correct name: Ky. Stats., sec. 2468; Am. & Eng. Enc. of Law, vol. 20, page 384; Phillips on Mechanic's Liens, sec. 345; Jones on Liens, sec. 1397; McElwee v. Sandford, 53 How. Pr., 89; Mayes v. Ruffner, 8 W. Va., 384; Waters v. Johnson, 96 North-western (Mich.) 504; Sprague Inv. Co. v. Mouat Libr. & Inv. Co., 60 Pac. (Colo.), 179; Sawyer-Goodman Co. v. Nagle, 110 Ills., App., 178; Russell v. Hayner 130 Federal; Am. & Eng. Enc. of Law, vol. 20, p. 384; Phillips on Mechanic's Liens, sec. 120; Newport-Dayton Lbr. Co. v. Lichdenfeldt, 24 Ky. Law Rep., 1969.)

## CASES DISTINGUISHED.

Santa Cruz Rock Pavement Co. v. Lyon, 65 Pac. (Cal.), 59; McPhee v. Litchfield, 145 Mass., 565; DeKlyn v. Gould, 165 N. Y., 288.

4. The evidence shows that the work done by appellee was substantially finished more than six months before the filing of his statement, and that the only work done within said period was repairing damage which had occurred to the work during the winter. No lien can therefore be claimed for the original work, nor can it be claimed for the repairs, because they were not done under express contract. (Phillips on Mechanic's Liens, sections 18, 322, 324, 327; Hardin v. Marble, 13 Bush, 358; Am. & Eng. Enc. of Law, vol. 20, pp. 398, 400; Fay v. Muhlker, 1 Misc., N. Y., 321; Noye Mfg. Co. v. Flouring Mills Co., 110 Mich., 161; Frankovitz v. Smith, 34 Maine, 403; Schulenberg v. Vrooman, 7 Mo. App., 133; Scott v. Cook, 8 Mo. App., 193; 134 Pa. State, 558; McKelvey v. Jarvis, 87 Pa. State, 414; King v Ship Building Co., 50 Ohio State, 320; Hartle v. Richardson, 91 Maine, 424; Baker v. Fessenden, 71 Me., 292; Congden v. Kendall, 53 Neb., 387; Avery v. Butler, 30 Ore., 287; Berry v. Turner, 45 Wisc., 105; Sanford v. Frost, 41 Conn., 617; Dayton v. Minneapolis R. & I. Co., 63 Minn., 48; Dunn v. McKee, 37 Tenn., 657.)

Upon the proposition that a sub-contractor is not allowed a mechanic's lien for work done under an implied contract. (Ky. Stats., sec. 2463; Rudd v. Littell, 20 Ky. Law Rep., 158; Phillips on Mechanic's Liens, sec. 120.)

5. The court erred in refusing to allow appellant credit on the claim of appellee by the amount of credits due to Barnes, the original contractor. (Ky. Stats., sec. 2468.)

D. MO LEY, attorney for appellee.

1. The plea of estoppel relied on by appellant is wholly insufficient. The fact that appellee accepted from Barnes a note for his labor did not relieve appellant from liability to appellee for his work or in any way affect his lien therefor.

2. The real defense is the mistake in the name and description made in the statement filed in the clerk's office. These mistakes were referred to and corrected in the petition and judgment, as the authorities hold are necessary.

3. Extraneous evidence may be introduced to correct a statement, and it is held that if no injury is done to a third party the inaccuracies of the statement are immaterial, and a statement which would not be good as to a third party is good as against the owner of the property.

4. Technicality ought not to be exercised against a mechanic's lien, and all mistakes that can, with reason be corrected, should be done in the interest of justice, in a court of equity.

5. The statute places the owner of property on which work is done on notice, and payments made to the contractor are at peril as to the sub-contractor.

### AUTHORITIES CITED.

Williamette S. M. Co. v. Kremer, 94 Cal., 208; Cleverly v. Moseley, 134 Mass., 284; Kennedy v. House, 41 Pa., 40; N. W. Pavement Co. v. Norwegian Seminary, 40 Minn., 450; Culmer v. Clift, 14 Utah, 286; Smith v. Johnson, 2 MacArthur, D. C., 481: Poclock v. Morrison, 76 Mass., 83; Am. & Eng. Ency. of Law, vol. 20, p. 421; McPhee v. Littlefield, 145 Mass., 566; Corbett v. Chambers, 41 Pac., 875; Santa Cruz Pav. Co. v. Lyons, 65 Pa., 331; Kelly v. Laws, 109 Mass., 396; Hodges & Campbell v. Avidson, 23 Ky. Law Rep., 2078; Hightower v. Bailey & Kevner, 22 Ky. Law Rep., 88; Bell v. Bosche, 41 Neb., 855.

OPINION OF THE COURT BY JUDGE HOBSON—Affirming.

Mary E. Mivelaz made a contract with R. A. Barnes to build for her a house and granitoid sidewalk in

front of her lot on the east side of Third street in the City of Louisville. Barnes made a sub-contract with A. W. Johnson for the granitoid work. Johnson did the work. Mrs. Mivelaz paid Barnes the whole amount she owed him under the contract, but Barnes did not pay Johnson. The amount due Johnson was $70. He thereupon filed his statement in the county clerk's office and brought this suit asserting a lien upon the property. The circuit court adjudged him a lien, and Mrs. Mivelaz appeals.

It is insisted for appellant that the statement filed by Johnson in the county clerk's office is not sufficient to give him a lien on the property. Section 2468, Ky. St. 1903, is as follows: "The liens mentioned in the preceding sections shall be dissolved unless the claimant, within six months after he ceases to labor or furnish materials as aforesaid, files in the office of the clerk of the county court of the county in which such building or improvement is situated, a statement of the amount due him, with all just credits and set-offs known to him, together with a description of the property intended to be covered by the lien, sufficiently accurate to identify it, and the name of the owner, if known, and whether the materials were furnished or the labor performed, by contract with the owner, or with a contractor or sub-contractor, which shall be subscribed and sworn to by the person claiming the lien, or by some one in his behalf.

The material part of the statement filed by Johnson, in so far as it is claimed to be defective, is as follows: "Affiant, A. W. Johnson, says that he is a mechanic in the business of making cement sidewalks, and that during March, 1903, he furnished the material and the labor to lay a granitoid sidewalk on the following described lots·in the City of Louisville under contract with R. A. Barnes, and as a contractor

of said R. A. Barnes, who was a contractor for said work for Mary Mulvin.  He says that the said property belongs to Mary Mulvin and is situated on the east side of Third street.  Beginning at a point six hundred and forty-seven and one-half (647 1-2) feet south of P street, extending thence southwardly along the east line of Third street twenty-six feet and four inches, and extending back easterly in parallel lines of the same width as front and at right angles with Third street, one hundred and eighty-eight (188) feet, to an alley.''

The property of Mrs. Mivelaz was in fact situated 637 1-2 feet south of P street, extending thence southwardly along the east line of Third street 26 feet and 4 inches, and running back at right angles to the street.  It will be observed that in the statement the property is described as beginning at a point 647 1-2 feet south of P street, and extending from this point 26 feet and 4 inches; so that the statement in fact included 16 feet and 4 inches of the lot, and did not include 10 feet of it, but included 10 feet of other property.  It will also be observed that the name of the owner of the property is given in the statement as ''Mary Mulvin,'' and not as ''Mary Mivelaz.''  In all other respects the statement complies with the statute.  How the mistake occurred in the name of the owner is not explained by the proof; nor does it seem clear how ''Mivelaz'' could have been corrupted into ''Mulvin.''  Mrs. Mivelaz has been in no way prejudiced by the mistake.  She had paid Barnes before the statement was filed.  No third person is interested in any way.  The mistake in the description of the lot, in writing ''647 1-2'' for ''637 1-2,'' does not seem to us sufficient to defeat the lien.  The statement shows it was a lien for building a sidewalk in front of a lot on the east side of Third street, hav-

ing a front of 26 feet and 4 inches, and that the
sidewalk was built under a contract with R. A. Barnes,
who was a contractor for the work for Mary Mulvin.
If there had been no mistake in the owner's name, it
is reasonably clear that no one could have been mis-
led as to what property was intended.  It does not
appear that there is any such person as Mary Mulvin,
or that any property in this vicinity is owned by any
one who could have been taken for Mary Mulvin.
The name of the contractor is given, and Mrs. Mivelaz
is the person who contracted with him.

It is a matter of common knowledge that foreign
names are often pronounced very differently from the
way they are spelled, and it is often difficult to spell
the name from the way it is pronounced.  The
mechanics who do work as sub-contractors are not
as a rule expert spellers, and should not be held to a
high standard in the spelling of proper names.  The
statute only requires the name of the owner to be
given, if known.  The purpose of the statute is to
require only of the claimant a statement of the name,
if he knows it; and he does not lose his claim where
it turns out that he was mistaken in the name.  He
is no more affected by a mistake in the name than he
would be if he gave as the owner the person who was
reputed to own the property, and it should turn out
that another person owned it.  In 20 Am. & Eng.
Ency. of Law, p. 424, the rule is thus stated: "Where
the statute only requires the name to be given, if
known, if the name is not known, the statement is
sufficient, although it is silent upon the subject."  The
courts have shown great reluctance to set aside
mechanics' liens merely for loose descriptions, for the
reason that the statutes are designed for the aid of
the mechanics and that they usually prepare their

own papers. There are numerous cases where mistakes in statements as important as those before us have been held not to affect the lien. See Willamette S. M. Co. v. Creamer, 94 Cal. 208, 29 Pac. 633; Kennedy v. House, 41 Pa. 39, 80 Am. Dec. 594; Pollock v. Morrison, 176 Mass. 86, 57 N. E. 326; McPhee v. Littlefield, 145 Mass. 566, 14 N. E. 923, 1 Am. St. Rep. 482; Corbett v. Chambers (Cal. Sup.), 41 Pac. 875.

This is not a case where the description indicates a different property from that intended to be subjected. It is simply a case where part of the property sought to be subjected is not included in the description, and where the value of the part in fact included is largely greater than the claim. In 20 Am. & Eng. Ency. of Law, p. 522, the rule is thus stated: ''The lien is not invalidated merely because it describes more land than the lien can lawfully cover. Nor is it defeated by a failure of the description to cover as much property as it might have covered. Failure to describe properly a portion of the premises or improvements upon which the lien is claimed will not invalidate the lien as to the portion correctly described.'' We therefore conclude that the chancellor properly sustained the lien.

The fact that Johnson had accepted a note from Barnes did not affect his rights. Mivelaz v. Genovely (Ky.), 89 S. W. 109, 28 Ky. Law Rep. 203, 121 Ky. 235. The circuit court properly sustained the demurrer to the paragraph of the answer pleading an estoppel, for the reason that it was not averred that any representation was made to Mrs. Mivelaz, or that she was induced by any representation to follow the course that she did. On the whole evidence we do not see that the chancellor made any error in refusing to allow the credits claimed.

Judgment affirmed.