## Bass & Co. v. Trustees of Madisonville Christian Church.

(Decided June 23, 1933.)

FOX & GORDON for appellant.

W. J. COX and H. F. S. BAILEY for appellees.

OPINION OF THE COURT BY JUDGE RICHARDSON—Affirming.

In 1929 Bass & Co., with its chief office and place of business at Hopkinsville, Ky., was engaged in the business of wholesaling builders' materials and supplies, including heating plants. S. C. Ivey, residing at Madisonville, Ky., was engaged in the business of plumbing in the city of Madisonville. C. J. Waddle, W. J. Cox, John G. B. Hall, and L. R. Woolfolk were trustees of the Madisonville Christian Church, located at Madisonville, Ky. They, desiring to provide the church with a heating plant, contracted with Ivey to furnish it at the price of $515.90. Ivey, through a salesman of Bass & Co., purchased it. It was sold to him at the price of $544.74, less freight of $28.84, or for $515.90. He has since paid in cash a portion thereof. Ivey had been a customer of Bass & Co., for a number of years, running an open account with it. His credit became impaired in the estimation of the corporation, and for this reason, when it sold to him a bill of materials and

38

supplies, it adopted the custom of charging the bill to the owner of the property in which they were to be used, so as to show same were purchased by Ivey for that particular job. The heating plant and equipment were charged on its books in this manner by the corporation. At that time Ivey was owing it, for other materials and supplies theretofore purchased, the sum of $800. From this point the parties disagree. Ivey claims that Bass & Co., demanded of him a payment on the heating plant, and that he executed a note therefor of $500 with sureties, in which it was stated in payment of the plant delivered and installed in the Christian Church. He claims he delivered this note to Bass & Co., which it retained. Bass & Co. denies that the note shows it was on the Christian Church account, but asserts that it was to be a payment on the old account of Ivey; that the note was received by it, and on investigations it decided that Ivey and the sureties whose signatures were affixed to it were insolvent, and that the note was for this reason returned to Ivey. It is fairly shown the note was written as claimed by Ivey.

Bass & Co. gave notice to the church of its intention to assert a mechanic's lien, within thirty-five days after the last item of materials was furnished. Section 2463, Ky. Statutes. Within six months thereafter it filed the required statement, asserting its lien in the office of the county court in the county in which the church was situated. Section 2468, Ky. Statutes. Within twelve months thereafter it filed this action to enforce its lien against the church property. Section 2470, Ky. Statutes. A judgment was rendered against Ivey for the balance of the debt, interest, and costs. The circuit court decreed that the defense interposed by the church was valid as against the mechanic's lien of Bass & Co. From the latter judgment this appeal is prosecuted. The answer of the trustees of the church sets forth that Bass & Co. requested a note with surety of Ivey in satisfaction of the contract price of the heating plant, and that he, in compliance with its request, executed and delivered to it a note of $500, with Robert Crow and Charles Trathem as sureties. The execution and delivery of the note by Ivey, with sureties, though accepted by Bass & Co., did not terminate its right to enforce the mechanic's lien against the property, (Mivelaz v. Genovely, 121 Ky. 235, 89 S. W. 109, 28 Ky. Law

Rep. 203; Mivelaz v. Johnson, 124 Ky. 251, 98 S. W. 1020, 30 Ky. Law Rep. 389, 124 Am. St. Rep. 398, 14 Ann. Cas. 688; Waddy Bluegrass Creamery Co. v. Davis-Rankin Building & Mfg. Co., 103 Ky. 379, 45 S. W. 895, 20 Ky. Law Rep. 259; Gere v. Cushing, 5 Bush, 304; Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 12 S. Ct. 181, 35 L. Ed. 961; 18 R. C. L. 871), unless it is affirmatively shown that it was the intention of the parties that the note was a novation, or, a waiver of the right to assert the mechanic's lien. It is shown that Bass & Co. did not retain the note delivered to it by Ivey, but returned it to him within a reasonable time, making known to him that it was not accepting it because the sureties thereon were not satisfactory. It asserts that Ivey agreed to have other signatures added to it, which he failed to do. These facts clearly show that the note was not only not accepted, but not regarded as a novation, nor as a waiver of the right to assert the mechanic's lien. The church interposed the further defense that, after the heating plant was purchased by Ivey, Bass & Co. by its agent represented and stated to the trustees that Ivey had made satisfactory arrangements with it for the purchase price of the heating plant, and that no claim would be presented by the corporation against the church for the contract price of the plant; that, relying upon these statements and representations, it paid the purchase price to Ivey, and by reason of these facts Bass & Co. is estopped to enforce its mechanic's lien on the church property. The evidence as to the alleged facts constituting an estoppel is contradictory. The evidence in behalf of the parties as to this issue is sufficient to support a judgment in favor of either. The trial court accepted that in behalf of the church, and decreed accordingly.

It is an established rule in equity cases that the chancellor's finding, supported by evidence, though conflicting, or in case of doubt whether the decree is supported by the evidence, this court will not disturb his findings. Klenekole Mining Co. v. Lusk, 245 Ky. 79, 53 S. W. (2d) 168; Quarterman v. Arnold, 245 Ky. 595, 53 S. W. (2d) 970; Gover's Adm'r v. Waddle, 245 Ky. 652, 54 S. W. (2d) 19. It is only in case the judgment of the chancellor is against the weight of the evidence that this court will interrupt his finding of facts. Roy v. Roy, 246 Ky. 36, 54 S. W. (2d) 362; Northcutt v.

Hardebeck, 244 Ky. 842, 52 S. W. (2d) 901; People's-Liberty Bank & Trust Co. v. First National Bank & Trust Co., 245 Ky. 252, 53 S. W. (2d) 536; Vogt v. Cannon Electric Co., 245 Ky. 766, 54 S. W. (2d) 338; Chenault v. Southern Trust Co., 245 Ky. 305, 53 S. W. (2d) 369.

Bass & Co. and the church are confronted with a loss to the amount of the balance due for the heating plant. Bass & Co. is the holder of a valid mechanic's lien on the property of the church. It, by and through the statements and representations of its agent in charge of the sale of the heating plant and indebtedness of Ivey therefor, induced the officers of the church to rely thereon and pay to Ivey the amount due for the plant. Its representative having exercised the right of the company to declare its right not to look to the enforcement of its mechanic's lien on the property of the church, and so declared to its officers, thereby causing them to pay to Ivey the contract price of the heating plant, it would now be inequitable for it to cast upon the church the loss which must be sustained by the one or the other. Aills v. Granhams Litt. Sel. Cas. 440; Alexander v. Ellison, 79 Ky. 148; Ratcliff v. Bellfonte Iron Works Co., 87 Ky. 559, 10 S. W. 365, 10 Ky. Law Rep. 643; Taylor v. Jenkins, 65 S. W. 601, 23 Ky. Law Rep. 1574. It may be true that the representative of the company did not know that the company had refused to accept Ivey's note with surety. It was his duty to know, before making the statements and representations to the officers of the church, that Ivey's indebtedness to the company in fact had not been satisfied, for it is a general rule that he who speaks to induce another to act thereon is bound to know the correctness or truth of his statements, and he will not be heard to say the contrary against those relying thereon, though in truth he did not know. Ligon v. Minton (Ky.) 125 S. W. 304.

Adhering to these fixed rules of practice and these principles, and considering the evidence for ourselves, no other error appearing, we find no cause for interfering with the judgment of the chancellor.

Judgment affirmed.