## West Shore Lumber & Construction Company v. Williams et al.

*Frederick Templeton*, for plaintiff.

*Douglass D. Storey*, for defendants.

WRIGHT, P. J., fifty-seventh judicial district, specially presiding, June 9, 1950.—This is an action of scire facias sur mechanics' lien. It was agreed by counsel that the matter should be tried by the court without a jury under the provisions of the Act of April 22, 1874, P. L. 109.

### Findings of Fact

1. On or about November 23, 1948, Charles Landis Williams and Audrey Williams were the owners of certain real estate at 735 Haldeman Avenue, New Cumberland, Pa., more fully described in the writ of scire facias sur mechanics' lien.

2. On or about November 23, 1948, the owners entered into an oral contract with the West Shore Lumber and Construction Company, claimant, by virtue of which contract claimant was to correct and complete an unfinished building.

3. The terms of the contract were that the owners were to pay for the work when it was completed and upon a time and material basis.

4. Claimant completed the work on the building on or about March 28, 1949.

5. Claimant performed the work and supplied the materials therefor upon the credit of the building and in reliance on its right to a mechanic's lien.

6. The value of the work performed and the materials furnished was $3,600.08.

7. On or about March 28, 1949, Charles L. Williams gave to claimant a check of W. O. Hickok Manufacturing Company, his employer, drawn to the order of claimant in the amount of $3,600.08, which check was duly cashed by claimant on April 1, 1949.

8. On that date claimant gave to Charles L. Williams a receipt in full in the amount of $3,600.08.

9. When claimant accepted from Williams the business check of terre-tenant, claimant knew: (a) Terre-tenant did not owe it any money; (b) it had not supplied any materials or furnished any labor to terre-tenant; and (c) the check was used by Williams to pay his personal debt.

10. By accepting and cashing that check claimant did not waive or lose its right to file a mechanic's lien.

11. On May 13, 1949, Charles L. Williams and Audrey Williams, his wife, conveyed the premises to W. O. Hickok Manufacturing Company, terre-tenant and defendant herein.

12. On May 23, 1949, the W. O. Hickok Manufacturing Company made demand on claimant for the return of the $3,600.08, with interest from April 1, 1949.

13. On June 4, 1949, claimant paid W. O. Hickok Manufacturing Company $3,636.08 pursuant to said demand.

14. On June 7, 1949, claimant filed this mechanic's lien.

15. On November 16, 1949, W. O. Hickok Manufacturing Company repaid claimant $2,293.40, which was

made up of $2,251.74 as principal and $41.66 as interest.

## Discussion

The right to a mechanic's lien should not be denied except in clear cases: Clayton v. Lienhard, 312 Pa. 433, 440. There is a presumption that work is done and material furnished on the credit of the building: Hommel v. Lewis, 104 Pa. 465; Noar v. Gill, 111 Pa. 488; Green & Co. v. Thompson et al., 172 Pa. 609. We have resolved this factual question in favor of claimant (finding no. 5).

Defendant terre-tenant's principal contention is that the check was payment, that it was accepted at claimant's peril, citing Norristown-Penn Trust Co. v. Middleton et al., 300 Pa. 522, and that claimant then and there elected to rely upon the owner's personal credit and waived the right to file a lien, notwithstanding the fact that claimant was subsequently compelled to return the money. With this contention we cannot agree.

Counsel have stated that this is a case of first impression. While there is apparently no decision exactly in point, some assistance is derived from cases which have been decided under section 15 of the Mechanic's Lien Act of June 4, 1901, P. L. 431, dealing with the giving of credit or the receipt of collateral security. For instance, the acceptance of a promissory note does not constitute a waiver of the right to file a lien: Schwartz et al. v. Whelan et al., 295 Pa. 425; McCloskey v. Dowingtown Woolen Mills, 20 F. (2d) 190.

This is the rule in other jurisdictions even though the note was negotiated and claimant received (but must make good) the proceeds: Mivelaz v. Genovely, 121 Ky. 235, 89 S. W. 109; Davis v. Parsons, 157 Mass. 584, 32 N. E. 1117; Cleary v. Siemers-Marshall Electric Co. et al., 296 S. W. 448 (Mo.); Balkcom et al. v. Empire Lumber Co. et al., 91 Ga. 651, 17 S. E. 1020;

German Bank v. Schloth, 13 N. W. 314 (Iowa). In the cases cited claimant received the money as proceeds of a note (in our case a check) but was later compelled to return it.

Had the owner sold the property to a bona fide purchaser for value without notice, who relied upon the receipt given to the owner by claimant, a different problem would arise. In our situation, however, the property was sold to the owner's employer, which had full knowledge of the facts and intended to and did demand return of the money from claimant. To deny claimant the right to a lien under such circumstances would offend our concept of equity and justice.

### Conclusions of Law

1. On March 28, 1949, claimant was entitled as a matter of law to maintain a mechanic's lien on the premises in the amount of $3,600.08.

2. The acceptance and deposit by claimant of a check of W. O. Hickok Manufacturing Company, in the amount of $3,600.08 did not destroy claimant's right to its mechanic's lien, but only suspended it until the sum was returned by claimant to W. O. Hickok Manufacturing Company.

3. On demand of W. O. Hickok Manufacturing Company claimant was required to return the sum of $3,-600.08.

4. After the return to W. O. Hickok Manufacturing Company of the sum of $3,600.08, with interest, claimant was entitled to a mechanic's lien on the premises for that sum, with interest from March 28, 1949.

5. Terre-tenant defendant, W. O. Hickok Manufacturing Company, was not an innocent purchaser for value without notice, nor was it misled into the purchase of the premises by plaintiff's action.

6. Defendant is entitled to a credit on the lien of $2,251.74.

7. Claimant is entitled to judgment for $1,348.34, with interest from March 28, 1949.

### Decree Nisi

Now, June 9, 1950, it is ordered, adjudged and decreed that judgment be entered in favor of plaintiff claimant, West Shore Lumber and Construction Company, and against defendant terre-tenant, W. O. Hickok Manufacturing Company, in the sum of $1,-348.34 with interest from March 28, 1949. Unless exceptions are filed within 30 days after notice of the entry thereof, this decree nisi shall be entered as the final decree.