Marion McALISTER et al., d/b/a Nashville Sash and Door Company, Appellants,

v.

W. R. WHITFORD et al., Appellees.

Court of Appeals of Kentucky.

June 15, 1962.

Rehearing Denied March 22, 1963.

L. B. Weir, Madisonville, for appellants.

Carroll S. Franklin, Madisonville, for appellees.

MONTGOMERY, Judge.

Marion McAlister, et al., doing business as Nashville Sash and Door Company, appellants, sued W. R. Whitford and his wife, Helen, to recover $3,137.69 as the balance due on an account for materials and supplies furnished for the Whitford house and to enforce a materialman's lien thereon. Both parties moved for summary judgment. Judgment in the sum of $128 was granted appellants. They appeal from the judgment in so far as any further recovery was denied.

By a contract dated June 30, 1958, the Whitfords, appellees, agreed to pay $42,-891.47 to James B. Barker, doing business as Barker Construction Company, for the construction of a house in Madisonville. An advance payment of $8,000 was made when the contract was signed. The balance of the contract price was to be paid upon completion of the contract.

The construction started July 1, 1958. About four or five weeks later, Barker requested that appellees make him a further advance. Upon advice of their counsel, appellees agreed to make the advance if receipts from the suppliers of building materials used on the job were furnished to show that the cost of the materials had been paid. On September 29, 1958, Barker furnished appellees with the requested receipts, including the following statement from appellants, to-wit:

"Received check from
Barker Const Co.
9/29/58
for Jack Whitford Job
/s/ Duncan Kennerly"

The statement was written on a memo pad sheet which bore at the bottom the following printed inscription, to-wit:

"Nashville Sash & Door Company
152 Second Ave., N.
Nashville, Tennessee
Telephone AL 6–3171"

Kennerly identified himself as the representative of appellants who handled the sale of the material and supplies on the Whitford job on order from Hayden Gilkey, Barker's representative. Gilkey had been buying from appellants and dealing with Kennerly for more than three years. Kennerly testified that he gave the statement to Gilkey at his request when Gilkey presented him with a postdated check for the amount then due appellants. Kennerly said that Gilkey wanted the statement so that Barker could make a "draw" from Whitford.

Barker presented the receipts to appellees and received from them a check for $16,000 on October 1, 1958. A day or so later, Whitford learned that Barker had obtained the receipts by delivering postdated checks to the suppliers. Whitford undertook to stop payment on his check but it had already been honored by his bank.

Barker's postdated check to appellants was not honored. Appellants continued to sell material to Barker. Thereafter, Barker's contract was nullified. Appellees completed the house themselves. Appellants filed a materialman's lien against the property which they have sought to enforce.

Appellants contend that: (1) Barker and Gilkey were the agents of appellees in procuring the statement from them; (2) appellees had sufficient notice to protect themselves from any loss; and (3) there was no consideration for the statement.

Barker, in making the request for an advance, was acting for himself and for his sole benefit. He obtained the receipts in order to accomplish his own purpose: to get the advance. In seeking the advice of counsel, appellees were trying to protect themselves in making the payment. Gilkey, an employee of Barker's, obtained the receipts to be presented to appellees. The entire transaction was one at "arm's-length." Presumably, appellees had no interest in making any payment in advance of completion of the contract.

■ Agency is the fiduciary relation which results from the manifestation of consent by one person to another that the other shall act on his behalf and subject to his control, and consent by the other so to act. Restatement, Second, Agency, Volume I, Section 1, page 7; Palmer & Hardin v. Grand Lodge K. of P. of Kentucky, Ky., 121 S.W. 678. Under such circumstances, Gilkey was acting for his employer, Barker, who was seeking an advance for himself. Hence, neither Barker nor Gilkey was acting under any authority from appellees and neither was the agent of appellees.

■ Appellants argue that appellees were under a duty to use diligence to learn whether Barker's suppliers had been paid and thus would have discovered the use of the postdated checks. It is sufficient to say that appellees used diligence in seeking the advice of counsel, and there was no obligation to call appellants to determine the nature of the check received by them. On the other hand, appellants' representative, Kennerly, knowingly accepted the postdated check and gave the statement upon which appellees acted, to their detriment. Appellants, by their representative, induced appellees to act, knowing that the postdated check accepted from Barker gave notice of

its lack of honor and was given for the purpose of inducing appellees to act, and will not now be heard to say the contrary against appellees who relied on the statement. Bass & Co. v. Trustees of Madisonville First Christian Church, 250 Ky. 36, 61 S.W.2d 1074. This being true, the argument that there was no consideration given for the statement is meritless.

Judgment affirmed.